152 So.2d 857 (1963)
Edward H. RIZZUTO
v.
The EMPLOYERS LIABILITY ASSURANCE CORP., Ltd., and Beulah M. Tooley.
No. 1047.
Court of Appeal of Louisiana, Fourth Circuit.
May 6, 1963.
Steven R. Plotkin, New Orleans, for plaintiff and appellant.
Drury, Lozes & Dodge, Felicien P. Lozes, New Orleans, for defendants and appellees.
Before McBRIDE and REGAN and SAMUEL, JJ.
REGAN, Judge.
Plaintiff, Edward H. Rizzuto, instituted this suit against the defendants, Beulah M. Tooley and her liability insurer, Employers Liability Assurance Corporation, endeavoring to recover the sum of $40,401.51, representing personal injuries and property damage incurred when the defendant's vehicle failed to obey a stop sign and as a result thereof, collided with his car in the intersection of Orleans Avenue and North Alexander Street in the City of New Orleans.
The defendants answered and denied the existence of any negligence on their part, and in the alternative pleaded that the plaintiff was guilty of contributory negligence.
From a judgment in favor of the plaintiff in the amount of $947.00, he has prosecuted this appeal.[1]
*858 The defendants have neither appealed nor answered the appeal; therefore, they obviously concede the correctness of the trial court's judgment to the effect that the defendant driver's negligence was the proximate cause of the accident.
Plaintiff initially complained that the lower court's award to him for personal injuries was grossly inadequate. Of the total amount of the judgment, $750.00 thereof was the sum awarded for bodily injury.
The record reveals that as a result of the accident plaintiff bruised his left knee and shoulder; however, he experienced very little pain and no residual effects therefrom. In order to evaluate the extent of his injuries, plaintiff offered in evidence the testimony of Dr. R. C. Grunsten, an orthopedist, who treated him after the accident, and he expressed the opinion that the plaintiff suffered a ligamentous sprain or a lumbosacral sprain in the lower back.
The accident occurred on August 7, 1961, and the plaintiff did not consult Dr. Grunsten until three days thereafter. Dr. Grunsten ordered X-rays taken which were negative, other than revealing that the plaintiff possessed a congential defect which was not aggravated by the injury to his back. Dr. Grunsten asserted that the plaintiff's complaints of pain were supported by tenderness and limitation of motion; however, he could discern no muscle spasm.
Plaintiff was treated five times by this physician, who found on August 29, 1961 that he had no objective symptoms to indicate the sprain had not healed. Dr. Grunsten examined plaintiff on two later occasions, which occurred in the month of September, 1961, and finally discharged him on September 21. The medical evidence preponderates to the effect that he had completely recovered from the sprain by August 29, or about three weeks after the accident.
Thus the evidence establishes that the plaintiff incurred an extremely mild sprain. In addition to displaying sparse objective symptoms to support his claim of pain, he was only required to lose three days work.
Therefore, we are of the opinion that the trial judge did not abuse his discretion in permitting the plaintiff to recover $750.00 for personal injuries, which award is in conformity with our recent jurisprudence.[2]
Plaintiff secondly asserts that the trial judge erred in failing to permit him to recover the damages incurred by his vehicle which were caused by the collision.
We are convinced that the trial court very properly refused to render a judgment for the property damage since the plaintiff failed to prove the amount thereof. He did not have his car repaired after the accident, but he obtained two estimates therefor from local garages, the lowest of which was for the sum of $204.41. Instead of offering the testimony of those who prepared the estimates, plaintiff sought to establish his property damage by simply introducing in evidence both estimates. Clearly this is insufficient.
However, in view of the fact that the record reflects that the plaintiff's vehicle was actually damaged to some extent, in the interest of justice, we think this aspect of the case should be remanded in order to afford the plaintiff another opportunity to properly prove his property damage with that certainty required by law.[3]
Finally, plaintiff insists that the trial court erred in refusing to award an expert fee of $100.00 to Dr. Grunsten, in view of the fact that expert opinions were elicited from him. The record fails to support *859 this contention. Instead, it reveals that Dr. Grunsten simply testified to facts which he became aware of in his capacity as the treating physician.[4] Thus there exists no error in the trial court's ruling in this respect.
For the reasons assigned the judgment appealed from is affirmed, and it is now ordered that this matter be remanded to afford plaintiff an opportunity to adduce evidence to prove his claim for property damage with that certainty required by law.
Plaintiff is to pay all costs of this appeal.
Affirmed and remanded.
NOTES
[1] This figure breaks down as follows:

Personal injuries $750.00
Special damages $197.00
 _______
 $947.00

[2] Mehlsen v. Louisiana Southern Railway Co., La.App., 148 So.2d 473; Baturo v. The Employers' Liability Assurance Corporation, La.App., 149 So.2d 627.
[3] Defiore v. Zar, La.App., 106 So.2d 126 (1958).
[4] Delpido v. Colony, La.App., 52 So.2d 720.