JANVIER, Judge.
This suit for damages for personal injuries results from a motor vehicle collision between the car in which Lydia N. Morgan was a passenger and a taxicab which was being operated by Edwin P. Albrecht. It occurred at about 6:50 o’clock in the evening on May 13, 1965. The car in which plaintiff was a passenger was on the upper roadway of Canal Street, in New Orleans, going towards the Mississippi River, and the taxicab was on South Villere Street, apparently attempting to cross Canal Street in a downtown direction. There was extremely heavy vehicular traffic on Canal Street, and facing the taxicab driver as he reached the corner, there was a stationary “stop” sign. There were three lanes of traffic on Canal Street, one nearest the neutral ground, one in the middle of the roadway, and one nearest the sidewalk. The cars in the line of vehicles in the middle lane and in the lane nearest the sidewalk had stopped because there were other vehicles in their lanes on the other side of South Villere Street. This afforded the taxicab an opportunity to pass those two lanes.
The car in which plaintiff was a passenger was in the lane nearest the neutral ground. It did not stop and when it reached about the center of the intersection, it was struck on its right side near the center. Plaintiff, who was in the front seat on the right side, sustained injuries.
Checker Cab Company was the owner, St. Louis Fire & Marine Insurance Company was the liability insurer, and Taxicab Bonding Association, Inc., was the “Bonder” of the taxicab. Plaintiff brought this suit against Edwin P. Albrecht and the three named corporations, charging that the accident had been caused solely by the negligence of Albrecht, and praying for solidary judgment against all in the total sum of $31,220.24.
The defendants denied liability, charging that the accident had resulted solely from *644 the negligence of Julius Bonds, who was operating the car in which plaintiff was a passenger, and, by third-party action, they made Bonds a third-party defendant, praying that should any judgment be rendered against them, Bonds should be cast jointly and solidarily for any amounts for which they might be held liable.
It may be well to note here that, in her petition, plaintiff alleges that among the items of damage which she had sustained was the cost of repairing damage “to her automobile” in the amount of $248.72. It later was shown and it was conceded that she was not the owner.
Bonds answered the third-party petition, alleging that the accident had been caused solely by fault of Albrecht, and, assuming the position of third-party plaintiff in reconvention, he alleged that the automobile in which plaintiff had been a passenger belonged to him and he had been damaged to the extent of $248.72, and he prayed that the third-party action against him be dismissed and that he have judgment against the main defendants in the sum of $248.72.
The trial judge held that the drivers of both vehicles were negligent and there was judgment in favor of plaintiffs against the four defendants in the principal action and in their favor against Bonds for one-half of the amounts of the principal judgment. The claim of Bonds was dismissed. All parties have appealed.
While the defendants maintain that Al-brecht, driver of the taxicab, was not at fault, they base their principal contention on the charge that the amounts awarded plaintiff are excessive.
Plaintiff, in her appeal, charges that the awards are inadequate and Bonds contends that the judgment against him as a third-party defendant should be dismissed and that he should have judgment for the cost of repairing his automobile.
At the beginning of the trial in the District Court counsel for the defendants, who were defendants in the reconventional demand of Bonds, asked the court to be allowed to file a plea of prescription based on the fact that though the accident had occurred on May 13, 1965, the claim based on the damage to his car had not been filed until October 28, 1966. The District Judge said that he would refer to the merits the request for an opportunity to file a written plea of prescription. This plea in writing was never filed. Accordingly, it cannot be considered. C.C.P. art. 852, art. 927.
After careful study we have decided to set forth several facts which tend to justify the conclusion that plaintiff did not feel herself greatly bound by the oath which she had taken “to tell the truth”. In her petition she alleges that it was her automobile that had been damaged, and she prayed for recovery of the amount required to repair it. It is conceded that the car did not belong to her, but was owned by her brother-in-law, Julius Bonds, who himself made claim for the cost of the repairs, giving the exact amount which plaintiff had claimed in her petition. Plaintiff also alleged that before the accident she had earned $40.00 a week. Her employer testified before plaintiff and said that the weekly wage of plaintiff had been $35.00 and not $40.00. Accordingly, when plaintiff herself testified and was asked whether she had heard her employer’s testimony, she said that she had heard, and' she then changed the amount which she had earned to $35.00 a week. Further, in her petition she demanded $300.00 as the amount of the bill of Dr. Alfred B. Longacre and later this bill was offered in evidence. It totaled only $137.00, and Dr. Longacre testified that a great many of the charges included in that bill had been for treatment in no way resulting from the accident. Furthermore, while we feel that we can do nothing about it, although this plaintiff filed suit in forma pauperis, she admitted that her income had been “close to” $83.00 a week.
*645 A study of the facts leaves no doubt that had either driver been in the least careful there could have been no collision. The hazard of the situation was apparent to both and either could have seen the other car had he been on the alert, yet neither saw the other until the moment before the crash.
Having shown the facts as hereinabove stated which cast considerable doubt upon the veracity of plaintiff, we pass to a consideration of the evidence concerning the extent of her injuries.
The accident occurred on May 13. Plaintiff was taken to the Charity Hospital in New Orleans, and she says that she remained there “overnight”. The hospital record showed: “Left chest and lower abdomen tenderness. No fracture. X-ray negative.”
Dr. G. Gernon Brown examined plaintiff at her own request on May 26, 1965. He made a long report describing every claim which she made and every test which he made. In every test he found nothing to cause disability, and concluded his report with the following statement:
“Examination of Mrs. Lydia Morgan in my office on May 26, 1965 reveals no objective evidence of residual of injury. The patient may have sustained a mild lumbosacral strain.”
Dr. Longacre first stated he had seen her on May 13, which he corrected to read May 24. His bill shows that he charged $35.00 for an examination on May 17. He said that she had sustained a sprained back, contusions of the back and contusions of the shoulder and chest. He said that he saw her quite a few times — “I’d say 15 or 20 visits.” Many, if not most of those visits, were for complaints which he said had in no way resulted from the accident. He said that she had diabetes, urinary trouble, and hypertension.
Plaintiff says that before the accident she weighed 279 pounds. Between the time of the accident and the time of the trial below, she had been treated at the Charity Hospital many times for various complaints, none of which seem to have resulted from the accident.
She was examined at the request of defendant by Dr. Philip P. LaNasa, who testified that “she complained of pains that existed in every part of her body and so I examined her along that line and examination actually revealed no real definite evidence of any injuries.” He says that he had X-rays made and after a complete examination found no objective evidence of injury.
Since Dr. Longacre said that at the time of the trial he felt that “she still had some •muscular involvement following the accident,” and since her former employer testified that she did not work from May 13, 1965, the time of the accident, until February of 1966, we feel that we would not be justified in concluding that the amounts awarded plaintiff are excessive.
We have carefully examined the many decisions involving the question of how far an appellate court may exercise discretion in determining the correctness vel non of the finding of a trial court in making an award for physical injuries. We have read carefully Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127.
We are left with the impression that discretion may be exercised when the appellate court finds that a substantial miscarriage of justice will result if the finding of the trial court is allowed to stand. Had the amounts awarded been substantially lower, we feel that they would have been more in line with the medical evidence. However, we cannot say that the amounts are so excessive as to justify the exercise of our discretion. The District Court itself, on application for a new trial, *646 reduced the amount awarded for physical injuries from $750.00 to $650.00 and reduced the amount awarded for medical expenses from $316.74 to $246.74, plus $840.-00 for loss of wages for six months, making a total allowance to plaintiff of $1736.74. The amount awarded defendants in their third-party action against Julius Bonds was $937.37, and when the District Judge reduced the amounts set forth in his original judgment, he did not reduce the amount awarded to the defendants' against Julius Ronds. This amount should have been reduced from $953.37 to $868.37
Plaintiff complains that the trial court should have allowed the fee of Dr. Longacre, her medical expert. He was plaintiff’s attending physician and his testimony was merely concerned with his treatment of plaintiff, and, therefore, the fee cannot be allowed. Rizzuto v. Employers Liability Assurance Corp., La.App., 152 So. 2d 857; Delpido v. Colony, La.App., 52 So. 2d 720.
That the main defendants are entitled to a judgment against the third-party defendant for contribution is evident. C.C. art. 2103, as amended: see Quatray v. Wicker, 178 La. 289, 151 So. 208; Johnson v. Fidelity & Casualty Company of New York, La.App., 201 So.2d 177.
For the reasons assigned, the judgment appealed from is amended so as to reduce the amount of the judgment rendered in favor of Edwin P. Albrecht, Taxicab Bonding Association, Inc., Checker Cab Company of New Orleans and St. Louis Fire and Marine Insurance Company and against Julius Bonds to the sum of $868.37; as thus amended and in all other respects the judgment is affirmed; one-half of the costs to be paid by the main defendants, one-half to be paid by third-party defendant.
Amended and affirmed.