CHASEZ, Judge.
Plaintiffs-appellants Willard F. Burch and his wife were involved in an automobile accident on August 26, 1967 at the intersection of Claiborne Avenue and Gravier Street in New Orleans when the automobile in which they were riding was struck in the rear by a taxicab which was insured by defendant-appellee, St. Louis Fire & Marine Company. Liability was admitted by the defendant and the only issue before the court is quantum.
Mrs. Burch was awarded $1,000.00 for pain and suffering as a result of injuries sustained in the accident. Mr. Burch was awarded a total of $2,912.78, including $1,750.00 for pain and suffering. He was awarded special damages for the following items:
Lost wages of Mrs. Burch $208.56
Emergency Room treatment, including x-rays for Mrs. Burch 55.00
Medical bill of Dr. Feder for Mrs. Burch 231.00
Emergency Room treatment, including x-rays for Mr. Burch 85.00
Cervical collar for Mr. Burch 6.22
Medical bill of Dr. Feder for Mr. Burch 577.00
$1,162.78
The trial judge refused to award Mr. Burch damages for lost wages because in its opinion Burch had not proved his claim by a preponderance of evidence. The court refused to allow the expense incurred for additional x-rays because it felt the x-rays taken in the emergency room were adequate. The court also refused to tax as costs the fee of Dr. Kemmerly because the court found that that which Dr. Kem-merly testified to was not connected with the accident. The fees due to Drs. Eyrich and Thomson were not taxed as costs because “neither expressed any opinion, their only testimony being that of treating physicians when plaintiffs were brought to the emergency room at the Baptist Hospital.”
The plaintiffs have appealed the refusal of the abovementioned special damages as well as the amount of the awards granted to them for general damages. Mrs. Burch seeks an increase in her award for pain and suffering from $1,000.00 to $2,500.00. Mr. Burch seeks an increase from $1,750.00 to $4,000.00.
*220 Consideration will first be given to the issue of lost wages of Mr. Burch. The plaintiff testified that at the time of the accident he was employed by Gate City Steel Company as a crane operator, earning $2.53 per hour, averaging 52 to 58 hours per week. He further testified that he was unable to return to work until after he was discharged by the doctor on February 27, 1968. In briefs to this court plaintiff has asked for damages for lost wages in the amount of $3,815.24.
Plaintiff’s claim for lost wages must be rejected. He testified that when he returned to work he was informed that his job had been “abolished” but he did not know on what date it was terminated. Plaintiff did not work from August 26, 1967 to February 27, 1968. His job could have been terminated on any intervening date from August 27, 1967 to February 26, 1968. As an element of proving his claim it was plaintiff’s obligation to furnish this information. Any award for lost wages granted by this court would be speculative because we are unable to ascertain how many days or weeks plaintiff was employed after his accident. The claim for lost wages is therefore denied.
The part of the lower court’s judgment refusing to tax as costs the fees of Drs. Kemmerly, Eyrich and Thomson is affirmed.
Dr. Kemmerly was Mrs. Burch’s gynecologist. Mrs. Burch had given birth by Caesarian section in June of 1967. Dr. Kemmerly testified that she suffered no back pains during that pregnancy. At the time of trial Mrs. Burch was again pregnant and had during this second pregnancy complained of back pains. The inference to be drawn is that but for the accident, which occurred between pregnancies, Mrs. Burch would not have experienced back pains during the second pregnancy. Dr. Kemmerly testified on cross-examination that back pains in pregnant women are not unusual. The trial court found that the back pains were not proven to be caused by the accident. The back pains could just as well have been a natural result of the pregnancy as the accident. Dr. Kemmerly was not asked, nor did he give a medical opinion that the back pains during the second pregnancy would not have been present had Mrs. Burch not been involved in the accident. He rendered no opinion at all, much less any expert opinion. Under these circumstances we cannot say that the trial court erred in refusing to grant Dr. Kemmerly an expert fee.
For similar reasons Drs. Eyrich and Thomson were denied expert fees. Dr. Thomson testified that he examined the plaintiffs at the emergency room at Baptist Hospital on the night the accident occurred. He stated what his findings were and that the x-rays taken were negative as to fractures. He stated which drugs he prescribed for pain. This was the only time Dr. Thomson saw the plaintiffs.
Dr. Eyrich testified that he saw the plaintiffs on August 28, 1967 in his office; that they stated they had been in an automobile accident and had subjective complaints of pain. He made a thorough examination of both plaintiffs. Dr. Eyrich made no prognosis or evaulation or followup because he saw the plaintiffs on one occasion only as they were to see their own doctor in Hammond where they lived and that a prognosis could not be made on the basis of one visit. The trial court found as a fact that “neither of these two doctors expressed any opinion, their only testimony being that of treating physicians when plaintiffs were brought to the emergency room at the hospital.” Our analysis of the record satisfies us that the court a quo was correct in this aspect of the judgment. The rule is that where the only experts who appear for plaintiffs in a personal injury action are plaintiffs’ attending physicians and their testimony is wholly devoted to facts and not to technical or scientific subjects, they are not entitled to expert fees. Rizzuto v. Employers Liability Assurance Corp., La.App., 152 So.2d *221 857 (4th Cir. 1963); Delpido v. Colony, La.App., 52 So.2d 720 (Orleans, 1951).
With regard to the expense of additional x-rays which the trial judge disallowed, the record indicates that the additional x-rays were reasonably necessary and will be allowed by us as a medical expense.
The record shows that x-rays were taken at Baptist Hospital in New Orleans on the night of the accident. However, the plaintiffs resided in Hammond, Louisiana. When they consulted their own physician, Dr. Feder in Hammond, he ordered additional x-rays for his own use. These x-rays were taken by Dr. R. E. L. Stuart at a cost of $20.00 each for Mr. and Mrs. Burch, or a total of $40.00. The Seventh Ward Hospital charged $33.00 each for the use of the hospital facilities in taking the x-rays or a total of $66.00. These x-rays were taken of Mr. Burch on September 1, 1967; of Mrs. Burch on September 5, 1967.
On September 12, 1967, according to Dr. Feder’s report, which was admitted in lieu of Dr. Feder appearing, he stated that Mr. Burch “complained with his neck so much that I sent him for special radiological studies to Baton Rouge, to [see] Dr. Malen.” Dr. Malen’s bill for these x-rays was $25.00.
There is no indication in the record that these bills were not incurred in good faith, both on the part of the doctor and on the part of the patients. X-rays were needed by Dr. Feder and we find that he was justified in ordering the x-rays taken. See Ledbetter v. Hammond Milk Corporation, La.App., 126 So.2d 658 (1st Cir. 1961). Therefore the portion of the judgment denying the expenses for additional x-rays will be reversed and the total judgment will include the additional cost of the x-rays, $131.00.
Plaintiffs claim transportation charges for trips from their home to the Doctor’s office for visits and treatment as an item of special damages. The trial court s judgment was completely silent as to transportation expenses. However, plaintiff alleged in his original petition that he incurred transportation expenses. Mr. Burch testified that he made 87 visits to Dr. Feder’s office (this is verified by Dr. Feder’s report) and the distance was approximately 8 miles each way. This testimony is uncontradicted. A successful plaintiff in a negligence suit is entitled to judgment covering expenses of transportation to and from his home to his physician’s office. Eubanks v. Wilson, La.App., 162 So.2d 842 (3rd Cir. 1964); Ledbetter v. Hammond Milk Corporation, supra. We find that plaintiff has proved these expenses by a preponderance of evidence. There will, therefore, be an award of $139.00 for transportation expenses.
 Both plaintiffs seek to have their awards for pain and suffering increased. Mrs. Burch was awarded $1,000.00. According to Dr. Feder’s report Mrs. Burch incurred an acute sprain of the neck, a contusion of the right shoulder region and girdle and an acute sprain of her lower back. She was advised to stay home from work and was given physiotherapy in the form of ultrasonic therapy, supplemented with analgesics for pain, and muscle relaxants until September 15, 1967, some 22 days after the accident. At that point she admitted to Dr. Feder that her shoulder and neck were greatly improved and the Doctor accounted in his report that there was then little objective findings except in her lower back. Dr. Feder advised her to return to work, but to remain under treatment for her back. She was seen once a week for about three months and was discharged January 13, 1968 at which time there were no objective residuals. Dr. Feder concluded his report by observing that she “had total disability up to September 15, 1967 and it is natural that she suffered pain and discomfort up to her discharge from the treatment although she was able to work and perform her duties.”
Mr. Burch was awarded $1,750.00 for pain and suffering. Dr. Feder found that *222 Mr. Burch’s injuries were similar to those suffered by his wife. Dr. Feder diagnosed the injuries to be a severe neck sprain and sprain of his lower back. He suffered contusions of the chest and of the left arm. He was given physiotherapy treatments to his back, chest and neck and was given cervical traction treatments. These treatments were supplemented by analgesics, muscle relaxants and valium. His chest and arm injuries healed by the end of September, 1967. He had recovered from his back injury by the end of October, 1967. By the end of November cervical traction and medication to his neck were ended and he was advised to remove the cervical collar that he had worn for about six weeks. He was advised to return to work but stated that he could not because of the pain in his neck. His neck treatments were continued until February 27, 1968 at which time the doctor “felt that he had minimal objective findings in his neck and had reached the maximum benefit from medical treatment” and was discharged. There was no evidence of permanent residual disability.
On appeal, the trier of fact’s award of general damages for personal injuries should not be disturbed unless the reviewing court finds an abuse of the fact finder’s great discretion in this regard, taking into consideration also that each personal injury must be evaluated according to its own peculiar facts and circumstances. Gaspard v. Lemaire, 245 La. 239, 158 So.2d 149 (1963); Desselle v. Wilson, La.App., 200 So.2d 693 (3rd Cir. 1967).
After reviewing cases cited by both counsel and conducting independent research into cases involving similar injuries, we cannot say that the trial court Judge abused the “much discretion” vested in him. Therefore the awards for personal injuries will be affirmed.
For the foregoing reasons judgment is rendered as follows: That portion of the judgment awarding Mrs. Elveria Burch, $1,000.00 for pain and suffering, is affirmed. That portion of the judgment denying Willard Burch lost wages is affirmed. That portion of the judgment refusing to tax as costs the expert fees of Doctors Kemmerly, Eyrich and Thomson is affirmed. That portion of the judgment which denied the plaintiff the additional x-rays as a medical expense is reversed. That portion of the judgment awarding Willard Burch $2,912.78, including $1,750.00 for pain and suffering, is amended to include $131.00 as medical expenses for additional x-rays and to further include $139.00 for transportation expenses to and from Doctor Feder’s office for a total award of $3,182.78.
Costs of this appeal are assessed to defendant-appellee, St. Louis Fire & Marine Company.
Affirmed in part, amended in part, reversed in part, and rendered.