MORIAL, Judge.
This case is on appeal from a judgment expunging from the record an order of dismissal.
This court affirmed in part, amended in part, and reversed in part the decision of the district court and rendered judgment against all defedants on May 4, 1970. See 235 So.2d 218 (La.App. 4 Cir. 1970). On October 2, 1973 counsel for defendants transmitted to plaintiffs’ attorney a check of NOLA Cab Company (NOLA) in the amount of $5,725.21 in payment of that judgment together with a motion and order to dismiss. Plaintiffs’ counsel signed the motion to dismiss and returned it to plaintiffs’ attorney who filed it in the district court on December 14, 1973 at which time the district judge signed the order dismissing plaintiffs’ suit with prejudice. Plaintiffs’ attorney deposited NOLA’s check in his account with The Citizens Na- ♦ tional Bank in Hammond, Louisiana. Upon 'presentment for payment to the drawee bank the check was dishonored because NOLA’s account had been closed. Plaintiffs then filed a motion and order to have the previously granted order of dismissal expunged and set aside. The district court rendered judgment on February 1, 1974 expunging and setting aside the order of dismissal only as to defendant NOLA. Plaintiffs appeal contending that the order of dismissal should have been expunged and set aside as to the other soli-darily liable judgment debtors.
When the appeal in this case was perfected, the district court was divested of jurisdiction. LSA-C.C.P. Art. 2088. No application for rehearing nor application for writs to the Supreme Court having been applied for from our judgment of May 4, 1970, that judgment became final. LSA-C.C.P. Art. 2167. Thereafter the trial court’s function was limited to execution of our judgment. See LSA-C.C.P. Articles *528 2251-2254. The post appellate final judgment resort to the trial court to obtain an order of dismissal and the order of judgment of dismissal by the trial court were without foundation.
An order of dismissal is not a step in aid of execution of a judgment. See LSA-C.C.P. Articles 1671-1673, 1844, 2251 et seq. There is no basis for a trial court to render an order of dismissal in a case where an appellate judgment has become final. The trial judge acted in error when he signed the post appellate final judgment order of dismissal and subsequently rendered judgment expunging and setting aside that order.
For the foregoing reasons the order of the district court of December 14, 1973 and the judgment February 1, 1974 are hereby annulled, vacated and set aside.

Annulled, vacated and set aside.