117 So.2d 919

Mrs. Nora BRYANT

v.

OUACHITA COCA–COLA BOTTLING COMPANY, Inc., et al.

No. 43907.

Supreme Court of Louisiana.

Feb. 15, 1960.

Hamiter, J., dissented.

Theus, Grisham, Davis & Leigh, Monroe, for appellants.

Dhu & Lea S. Thompson, Thomas W. Davenport, Carl Walker, Monroe, for respondents.

HAMLIN, Justice.

Acting under the authority of our supervisory jurisdiction (Art. VII, Sec. 11, Louisiana Constitution of 1921, LSA), we granted a writ of certiorari directed to

the Court of Appeal, Second Circuit, for review of its judgment[1] amending the judgment of the trial court by increasing the fees allowed to medical experts to $50 each and affirming the judgment of the trial court holding Roy Simmons and his insurer, Allstate Insurance Company, and Ouachita Coca-Cola Bottling Company, Inc. and its insurer, American Employers' Insurance Company, liable, in solido, for damages in the sum of $3,815 suffered by plaintiff, Mrs. Nora Bryant, as a result of an intersectional collision between Simmons's automobile and the truck of the Ouachita Coca-Cola Bottling Company, Inc.

The instant writ was granted on February 10, 1958, upon the application of Ouachita Coca-Cola Bottling Company, Inc. and American Employers' Insurance Company. Thereafter, on March 3, 1958, Roy Simmons's and Allstate Insurance Company filed a motion in this Court to arrest execution of the judgment of the Court of Appeal until final judgment of this Court. This motion was denied.[2] On the same day they requested this Court to place the matter on the preference docket and asked that they be granted the privilege of orally arguing the same before this Court. The case was set for argument on January 18, 1960. Counsel for Allstate Insurance Company and Roy Sim-

mons wrote to the Clerk of the Supreme Court on January 4, 1960, stating that he desired to inform this Court that, "Since Allstate Insurance Company and Roy Simmons made no application for certiorari or writ of review the said parties are not before the Court and have no right to file brief or make oral argument on the writ as granted to Ouachita Coca-Cola Bottling Company, Inc. and American Employers Insurance Company, represented by Theus, Grisham, Davis, Leigh and Brown, * * *." Therefore, for our consideration we have only the assignment of errors to the judgment of the Court of Appeal set forth by Relators and their prayer for rejection of the demands of plaintiff against them.

■ Counsel for Relators allege no error of fact in the findings of the Court of Appeal, which adopted, with minor inconsequential changes, the findings of the trial court. Out of an abundance of caution, we have read the record and find no manifest error in the facts as found by both lower courts.

The facts as found by the trial and appellate courts are to the effect that on the morning of August 13, 1956, Mrs. Nora Bryant, eighty years of age, was riding as a

1. 99 So.2d 152.

2. Counsel for Relators stated in open court during argument that the judgment has been paid and that Mrs. Bryant is now deceased.

guest passenger[3] in the front seat of an automobile driven by Mrs. Ila Bailey Simmons, Wife of Roy Simmons. They were on their way to a fishing excursion to be enjoyed with friends and relatives. Mrs. Simmons's car, which was proceeding east on Louisville Avenue in Monroe, Louisiana, collided at the Walnut Street intersection (traffic being controlled by a semaphore system) with a truck loaded with Coca-Cola being driven in a northerly direction by Jerry A. Adams for the Ouachita Coca-Cola Bottling Company, Inc. As a result of the collision, Mrs. Nora Bryant suffered injuries. She sued the owners of both cars and their insurers for damages, alleging that she was entitled to plead res ipsa loquitur, but, if not, she urged negligence on the part of both drivers.

Both lower courts found that Mrs. Simmons drove her 1948 Plymouth Sedan into the intersection just before the semaphore light turned green on Louisville Avenue; that she "jumped the Gun" so to speak. They found her negligent in proceeding into the intersection at the time she did.

The lower courts found that the light was green for Jerry Adams, and that he entered the intersection at a moderate speed (15 miles per hour) without looking either to the right or the left, keeping his eyes on the semaphore light. They concluded that although Jerry Adams had a favorable light, he had ample opportunity to stop and avoid the accident had he been keeping a proper lookout. Both courts found that he put on the brakes of his truck and hit the Plymouth car on the right side at about the center. They were of the opinion that Adams was negligent, and that the proximate cause of the accident was the negligence of both drivers.

Relators contend that the Court of Appeal committed the following reversible errors leading to erroneous conclusions of law:

"A. In holding that Jerry Adams was not keeping a proper lookout.

"B. In failing to hold that Mrs. Simmons made a sudden and unexpected move into the path of the vehicle operated by Jerry Adams in such a manner and at such a time that he was unable to avoid the subsequent collision.

"C. By rejecting the rules of law stated and relied upon by your defendants-appellants on the ground that the cases wherein these rules of law were stated are inappropriate to the captioned matter because they were not concerned with the rights of a guest passenger.

"D. In failing to apply the law as stated by Your Honors and thereby

___

3. Mrs. Bryant has been absolved of negligence by the Court of Appeal.

holding Jerry Adams to a much higher degree of care than the law requires."

■ The question presented for our determination is whether a motorist proceeding under the *instant* circumstances on a favorable light into an intersection (traffic being governed by a semaphore lighting system) is negligent in not observing traffic proceeding into the intersection on an unfavorable light. Also posed for our determination is the question of whether a motorist driving in traffic controlled by a semaphore system, under such conditions as are herein described, is entitled to consider such system as not only governing his actions but also those of other motorists who are proceeding in a direction other than the one in which he is traveling.

The foregoing questions must be considered in the light of present day traffic conditions.

"We are living in an advanced stage of the motor age. Heavy and congested vehicular traffic on the streets and highways is a daily rule rather than ·an exception. In these circumstances, it is vital to the public interest that the traffic rules and regulations be adhered to strictly (particularly with reference to the traffic semaphore system) as the motorist, is, to a large extent, compelled to operate his car in the belief that the law will be obeyed by others * * *." Kientz

v. Charles Dennery, La.App., 17 So. 2d 506; 209 La. 144, 24 So.2d 292, 295.

The lower courts were of the opinion that Adams, the driver of the Coca-Cola truck, was not alert and observant in concentrating his attention on the semaphore light. The Court of Appeal stated [99 So.2d 159]:

"While he was so engaged Mrs. Simmons was well into the intersection before he looked and attempted to control the forward progress of the truck. Further evidence that Adams was not watchful for the movement of other vehicles is found in the testimony of W. L. Brooks which is to the effect that when Mrs. Simmons did not stop, Brooks intended to wave at Adams but could not attract the attention of the truck driver because the latter was watching the traffic light. If the light was green toward him as Adams so testified, the thought comes to mind that he did not need to pay further attention to the color of the light. Another bit of relevant evidence is the speed of the truck as it approached and entered the intersection. At its proven speed of fifteen miles per hour it was under complete control and subject to a quick stop within a short distance. The effect of the foregoing evidence is to find the negligence of Adams has been proven to our satisfaction."

The enumerated acts of negligence above set forth must have been most substantial, and they must have been such a direct factor that without them the accident would not have occurred. Duree v. State, La. App., 96 So.2d 854, reversed on other grounds, Duree v. Maryland Cas. Co., 238 La. 166, 114 So.2d 594; Bartholomaus v. H. G. Hill Stores, La.App., 97 So.2d 82; Kientz v. Charles Dennery, supra.

■ Since Adams was proceeding on a favorable light under a semaphore system, he was not held to the same degree of care and vigilance as if no such system prevailed. Kientz v. Dennery, supra; Cf. Breaux v. Allstate Insurance Co. of Chicago, 232 La. 845, 95 So.2d 333. He had the right to assume that the signals were understood and would be obeyed by the motorist driving on the unfavored light. Under such assumption, we do not find that Adams was negligent in not looking at the traffic which was presumed to be stopped for the red light.

■ Since the semaphore lighting system had to be obeyed, and herein both lower courts found Mrs. Simmons a transgressor for proceeding on a red light, it necessarily follows that it was incumbent upon Adams to pay attention to the light facing him, otherwise, he could have been a transgressor if the light had changed against him.

We disagree with our learned brothers' conclusions that Adams's concentration of view on the semaphore indicated a lack of alertness and observance.

It is our view that Adams was strictly adhering to the traffic rules and regulations, operating his truck at a lawful speed in the belief that the law would also be obeyed by others. The acts of negligence attributed to him while operating his truck in obedience to positive law do not convince us that they were most substantial, and that they were such direct factors that without them the accident or intersectional collision would not have occurred, in view of the circumstances then existing.

■ For the reasons assigned, the judgments of the trial court and the Court of Appeal, Second Circuit, are reversed and set aside, insofar as they hold the defendants Ouachita Coca-Cola Bottling Company, Inc. and American Employers' Insurance Company liable in solido with the defendants Roy Simmons and Allstate Insurance Company. Roy Simmons and Allstate Insurance Company, having appeared and prayed that this cause be placed on the preference docket of this Court and that they be allowed to orally argue the same before this Court, are to pay all costs.

HAMITER, J., dissents.