SAMUEL, Judge.
This is a damage suit for personal injuries, loss of wages and medical expenses arising out of an intersectional collision between a truck and a taxicab.
The accident occurred in the intersection of South Carrollton Avenue and Ulloa Street in the City of New Orleans. South Carrollton has three traffic lanes on each side of a neutral ground. Ulloa is a one-way street running perpendicular to and crossing South Carrollton; it has three traffic lanes, two of which were being used for parking at the time of the accident. The intersection is controlled by electric semaphore lights. At the time of the accident, 2 p. m., there was a light rain and the roadways were wet.
Insofar as the same is concerned with the occurrence of the accident, the record consists of the testimony of 4 witnesses, plaintiff, the truck and taxicab drivers, and a police officer, and various exhibits in the form of photographs. From our analysis of all of that testimony and evidence we find the following facts:
The taxicab, in which plaintiff was a fare paying passenger and which was proceeding at a speed of approximately 15 miles per hour in a northwesterly direction, was on Ulloa approaching South Carrollton. The truck had entered the avenue a block away from Ulloa and was on South Carroll-ton proceeding in a northeasterly direction towards Ulloa at a speed of approximately 25 miles per hour. When the truck was about half a block away the traffic light turned from green to amber for traffic on South Carrollton. Two vehicles on South Carrollton stopped for the light in the lanes nearest the neutral ground. The truck increased its speed, crossed from the middle lane into the lane closest to the sidewalk, and passed the stopped vehicles in an attempt to beat the light. As it crossed the intersection it was struck in the area of the right rear fender by the front of the taxicab after the latter had proceeded into the intersection about 5 or 6 feet. Beyond question the light was green for the taxicab and red for the truck.
Plaintiff was injured in the collision and instituted this suit against five defendants, the owner and the driver of the truck, their liability insurance carrier, and the taxicab company and its driver. Judgment was rendered in the trial court in favor of the plaintiff and in solido against all defendants. The cab company and its driver have appealed seeking a reversal of that portion of the judgment which holds them liable and, alternatively, a decrease in quantum for pain and suffering. All of the other defendants have appealed seeking only the decrease in quantum.
*677 Plaintiff and tlie defendants other than the carrier and its driver contend that the truck entered the intersection just as the light turned red against it; that the cab driver could and should have seen the approaching truck, and realized it was not going to stop prior to entering the intersection, in time to stop the cab and avoid the accident; and that the failure of the cab driver to maintain a proper lookout and to stop in time to avoid the collision constitutes such negligence as to render the cab driver and the carrier liable to the plaintiff.
It is true that a green traffic light does not relieve a motorist from the general duty imposed upon him to operate his vehicle with a careful and prudent regard for the safety of others. But modern traffic being what it is, to a large extent a motorist is compelled to operate his vehicle in the belief that the traffic laws will be obeyed by others and, except under extraordinary circumstances, he has a right to assume that a traffic light signal in his favor will be observed, ttnderstood and obeyed by other drivers. Bryant v. Ouachita Coca-Cola Bottling Company, 239 La. 83, 117 So.2d 919; Niagara Fire Ins. Co. v. Schouest, La.App., 58 So.2d 739.
We find no exceptional circumstances in the instant case which should have warned the cab driver as a prudent motorist that the truck was not going to stop prior to proceeding through the intersection. This is especially true in view of the fact that two other vehicles were stopped on South Carrollton at the intersection in obedience to the light. Homeland Insurance Co. of America v. Marshall, La.App., 138 So.2d 237; LaRue v. Adams, La.App., 59 So.2d 839. We are therefore of the opinion that the collision occurred without negligence on the part of the driver of the taxicab.
While a public carrier is held to exercise the highest degree of care and carries the burden of proving freedom from negligence when an accident occurs which results in injury to a passenger, it is not an insurer of the passenger’s safety and is not liable to the passenger in the absence of negligence. Coleman v. Continental Southern Lines, La.App., 107 So.2d 69; Brown v. Gonzales, 77 So.2d 887; Reeves v. Texas Mut. Ins. Co., La.App., 62 So.2d 853.
The trial court awarded plaintiff $2,300.00 for pain and suffering and the only remaining question to be decided by us is whether or not that award is excessive. Plaintiff suffered a compression type injury of the cervical spine, commonly referred to as “whiplash”, and a contusion of the right leg. Immediately after the accident she received diathermy and drugs for pain and relaxation of the muscles. She was required to wear a plastic neck collar. Two weeks after the accident she complained of severe headaches and continued pain and discomfort in the neck and was additionally required to use a head halter traction set, with 5 pounds of weight, at home. She did not improve as anticipated and was sent by her treating physician to Dr. John F. Nabos, an orthopedist, who recommended that she continue using the collar during the day for approximately 3 weeks, supplementing it with the treatment she was then receiving, after which it would be appropriate for her to begin active exercises. She was allowed to return to light work two months after the accident. She had seen her treating physician daily during this period of time and continued to suffer some pain in the affected area at the time of trial. We are of the opinion that the award of $2,300.00 is not excessive. See Doyle v. McMahon, La.App., 136 So.2d 89; Dowles v. Traders & General Insurance Company, La.App., 124 So.2d 610; Lampkin v. United States Fidelity & Guaranty Co., La.App., 99 So.2d 147; Attaya v. Zimmerle, La.App., 83 So.2d 676.
For the reasons assigned, the judgment appealed from is reversed only insofar as it awards damages in favor of the plaintiff and against two of the defendants, Toye Brothers Yellow Cab Company and Joseph *678 W. Giuffria, and it is now ordered that there be judgment in favor of said defendants, Toye Brothers Yellow Cab Company and Joseph W. Giuffria, and against the plaintiff, Beverly Roth, dismissing the latter’s demand as against them at her cost. In all other respects the judgment appealed from is affirmed; costs in this court to be paid by the defendants-appellants, Lloyd S. Gau-bert, Inc., Boston Insurance Co., and Preston Stovall.
Affirmed in part; reversed in part.