SAMUEL, Judge.
This is a suit for personal injuries and property damages sustained in a collision between two automobiles. There are two plaintiffs, the driver of one of the cars involved and a guest passenger in that automobile. Defendants are the driver of the other car and his liability and collision insurer. The defendants’ answer denies liability and alternatively pleads contributory negligence; and the insurer reconvened against the plaintiff-driver for $707.-50, the total amount of damages incurred by the defendant car. There was judgment in the trial court in favor of the original defendants on the main demand, dismissing plaintiffs’ suit, and in favor of the insurer on the reconventional demand as prayed. Plaintiffs have appealed therefrom.
The accident occurred in the intersection of Paris Avenue and Gentilly Boulevard, in the City of New Orleans, about 11 a.m. on June 22, 1963. The intersection is controlled by traffic semaphore lights. The defendant car was on the lake side of Gentilly Boulevard, which contains three traffic lanes on each side of a narrow neutral ground, traveling west towards City Park. Plaintiffs’ car was on Paris Avenue proceeding north towards the lake. The plaintiff vehicle ran into the left front and left side of the defendant automobile as the latter entered the intersection.
In the face of conflicting evidence as to which vehicle had a favorable semaphore signal, the trial court found as a fact, and we agree, that the plaintiff car entered the intersection on a red light and the defendant automobile entered on a green light. Counsel for plaintiffs concede this finding by the trial court is not manifestly erroneous and they have abandoned the claim of the plaintiff-driver for personal injuries and property damages. However, in behalf of the plaintiff guest passenger and in support of a plea of contributory negligence con *234 tained in the answer to the reconventional demand, they argue that the facts in this case bring it within the exception to the rule that a motorist entering an intersection on a favorable light is free of negligence.
From our analysis of all the testimony and evidence adduced during the trial, we find the following facts:
Plaintiffs’ car was the third in a procession of four automobiles making up a wedding party. The ceremony had taken place and the procession, accompanied by a loud blowing of automobile horns which attracted the attention of some of the witnesses, had made several stops on the way to the reception. As the result of a change in plans and for the purpose of making another stop at the home of a relative of the groom, the procession made a “U” turn a short distance from Gentilly Boulevard into the roadway of Paris Avenue reserved for traffic traveling north towards the lake. The first two cars in the procession crossed Gentilly. In an effort to catch up with the second automobile which had entered the intersection on an amber light, the plaintiff car accelerated its speed and entered the intersection in violation of a red light.
At that time at least two automobiles were stopped on Gentilly Boulevard at its intersection with Paris Avenue in obedience to a red light. One was on the river side of Gentilly, .the. side opposite to that on which the defendant car was traveling, and the other was on the lake side of Gentilly. When the light changed to green for Gentilly Boulevard those two automobiles started for'wafd. 'The plaintiff vehicle passed in front of the automobile which had been stopped on the river side’ of Gentilly. The automóbile Miich had been stopped on the lake side of Gentilly occupied the middle lane; ' it had started forward only momentarily after the’•’light changed’ when its driver saw the plaintiff car running the red light"and stopped1.' ■ ■
.The, defendant .vehicle, occupied the lane next to the neutral ground-. Its air' conditioning was on, the windows were up, and it was traveling at a speed of between 30 and 35 miles per hour, within the legal limit. It had a green light when it was approximately 100 feet from and approaching the intersection and did not diminish its speed. Its driver noticed a car, apparently the second in the wedding procession, completing its crossing on what was then a red light.
The defendant-driver first saw the plaintiff car when the latter was in the intersection in the process of crossing the river side lanes of Gentilly and when the defendant automobile was only about two car lengths from the intersection of Paris Avenue. The defendant-driver pulled to his right and applied his brakes but was unable to avoid the collision. There was nothing obstructing the view to his left, the direction from which the plaintiff car was coming, and he didn’t check for traffic on Paris Avenue as he approached the intersection.
The rule and exception to which plaintiff counsel refer in their argument can be expressed as follows: Modern traffic being what it is, a motorist is compelled to operate his vehicle in the belief that the traffic laws will be obeyed by others and generally he has the right to rely upon a favorable traffic light; however, he is not thereby relieved of the necessity of exercising some care and caution and, under exceptional circumstances or in the face of known and imminent danger, he cannot rely upon the right-of-way accorded to him by the favorable light. See Bourgeois v. Francois, 245 La. 875, 161 So.2d 750; Youngblood v. Robison, 239 La. 338, 118 So.2d 431; Bryant v. Ouachita Coca-Cola Bottling Company, 239 La. 83, 117 So.2d 919; Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292; Roth v. Lloyd S. Gaubert, Inc., La.App., 144 So.2d 675; Seiner v. Toye Bros. Yellow Cab Co., La.App., 18 So.2d 189.
Plaintiffs’ contention is that the loud blowing of horns by the procession and the ■ failure on the part of the defendant-driver *235 to check for late arrivals before proceeding into the intersection on a light “just turned green”, particularly in view of the fact that in entering the intersection he drove past a stopped vehicle in the traffic lane next to the one in which he was traveling, constitute “exceptional circumstances” under the above rule and negligence on the part of the defendant-driver. They also argue that under the holding of Blue Ribbon Cleaners v. Aetna Casualty & Surety Co., La.App., 125 So.2d 613, and under New Orleans City Code, 1956, § 38-42 (a) (1), which is similar to LSA-R.S. 32:232 (1) (a) and provides, in part, that vehicular traffic facing a green light shall yield the right-of-way to other vehicles lawfully within the intersection at the time the green light is exhibited, the defendant-driver clearly was required to at least look before crossing on the light just turned green.
We do not agree with plaintiffs’ contentions and argument. The city ordinance referred to, New Orleans City Code, 1956, § 38-42 (a) (1), is not applicable. It provides that the right-of-way shall be yielded to other vehicles “lawfully within the intersection” and in the instant case the plaintiff vehicle entered the intersection in violation of a red light and therefore was not in the intersection lawfully. Similarly, in the cited case of Blue Ribbon Cleaners v. Aetna Casualty & Surety Co., supra, the plaintiff entered the intersection on a green light which turned red before he completed the crossing and therefore was lawfully in the intersection.
We are of the opinion that this case is controlled by the Supreme Court case of Youngblood v. Robison, supra, under which holding the defendant-driver in the instant case was not obliged to check traffic approaching from his left or right, or from both left and right, to ascertain whether another motorist might be crossing the intersection on a red light. Here the blowing of horns by the cars in the procession is of no significance because of the fact that the air conditioning was on in the defendant car and the windows were rolled up; the driver was unable to, and did not, hear the horns. Nor, in view of all of the facts and circumstances involved, do we feel that the defendant-driver reasonably should have known that the plaintiff car was one in a procession of cars. The defendant automobile had a green light when it was approximately 100 feet from the intersection and traveling at a speed of between 30 and 35 miles per hour. The driver had his car under reasonable control and maintained a general observation of the intersection. The fact that he did pass a car in the lane next to the one in which he was traveling is of no importance in view of the fact that the car which he passed also had started to cross the intersection even though momentarily.
In Youngblood the driver had reached a point about 30 feet or more from the intersection when the light facing him changed to green and he accelerated his speed. Although he had the entire crossing within his vision, he focused his attention on the green light and did not look to the left or right for traffic approaching on the intersecting street. The court held that, as a result of having the green light, the driver was not guilty of negligence. Referring to that driver, the court said:
“He was driving at a reasonable rate of speed and maintaining a general observation of the intersection. Thus, he had his car under such control as to meet and respond to any hazard which might be expected under normal conditions and this was all that the law required of him. He was not obliged, as the Court of Appeal indicates, to turn his head in the direction of traffic approaching from his left or right, or from both left and right, to ascertain whether someone might violate the law by running the crossing on a red light. On the contrary, he had the right, under our jurisprudence, to assume that the law would be respected.”
*236 We conclude that the defendant-driver in the instant case was not guilty of negligence in crossing on the green light as he did.
The judgment appealed from is affirmed.
Affirmed.