SAMUEL, Judge.
Plaintiff has prosecuted this appeal from a judgment of the First City Court for the City of New Orleans in favor of the defendant, dismissing plaintiff’s suit for personal injuries and medical expenses resulting from an automobile accident.
The accident occurred in the intersection of South Carrollton and Tulane Avenues in the City of New Orleans at approximately 9 a. m. on a clear, dry day. South Carrollton runs generally north and south and contains a neutral ground, one to one and one-half car lengths in width, on each side of which are three traffic lanes. Tulane, running generally east and west, consists of one parking lane and three driving lanes on each side of a neutral ground. The intersection is controlled by six or eight electric semaphore signals. Plaintiff, alone in his vehicle, was proceeding south on South Carrollton towards the intersection; defendant, also alone, was driving west on Tulane. The collision occurred after the defendant had entered the intersection and crossed the three northbound Carrollton lanes.
Four witnesses testified regarding the manner in which the accident happened: the plaintiff, the defendant (cross examined under the act), and two independent witnesses, all of whom were called by the plaintiff.
Plaintiff’s version of the accident was that he had a favorable light as he approached the intersection on South Carroll-ton and the light remained green until after the impact. Traveling in the center lane on South Carrollton at a speed of 20 to 25 miles per hour, he first saw the defendant car when it was only a few feet from the south-bound Carrollton lanes. He immediately blew his horn but before he had time to take any further action the left rear fender of his car was hit by the front of the defendant vehicle in the Carrollton center lane.
Defendant testified the light was green for traffic on Tulane Avenue as he approached the intersection and turned to amber as he started across. He stopped his vehicle in the neutral ground area be *594 tween the Carrollton traffic lanes and, while so stopped, the side of plaintiff’s car scraped the front of the defendant automobile.
One of the independent witnesses, a young man named Strata, testified: At the time the accident happened he and his wife were standing on the Carrollton neutral ground waiting for the light to change in order to cross the Carrollton north-bound lanes. He was facing the approaching defendant automobile to which his attention was attracted as a result of hearing a siren from a police emergency truck or station wagon about a half block to a block behind the defendant. The defendant vehicle stopped at the intersection in obedience to the unfavorable traffic light and then, changing lanes, entered the intersection against the red light, crossed the intervening Carrollton north-bound lanes and neutral ground area, and struck the left rear side of the plaintiff car in the middle Carrollton south-bound lane. The police emergency unit entered the intersection after the impact had occurred and turned left from Tulane into the south-bound Carroll-ton lanes.
The other independent witness, Andrew Ledet, testified: On the day of the accident he was working at a service station located on Tulane Avenue at the Carrollton intersection. Hearing the sound of horns or the application of brakes he looked into the intersection just after the accident had occurred. At that time the traffic signal on Tulane, the street on which the defendant vehicle was traveling, was red. He did hear a siren emanating from an emergency unit which had not yet reached the intersection.
As was brought out during examination of the two independent witnesses, neither knew the plaintiff or his attorney. However, one, Strata, knew the defendant and the other, Ledet, knew defendant’s attorney.
Plaintiff contends the sole proximate cause of the accident was the defendant’s negligence in running a red light. We agree that plaintiff had a green light and the defendant did run a red light. The only evidence to the contrary, defendant’s testimony that he had a green light which turned to amber as he entered the intersection and that he stopped his car in the neutral ground area, is not worthy of belief, not only because of all of the other testimony in the record, but also because it appears the collision could not have occurred if his testimony is correct. As the plaintiff car was traveling in one of the three south-bound Carrollton lanes, and as the Carrollton neutral ground is one and one-half car lengths in width, there could have been no contact between that vehicle and the defendant automobile if the latter was and remained stopped in the Carrollton neutral ground area.
In this court defendant no longer contends he had a green light. He now argues the plaintiff was guilty of contributory negligence (which was pleaded in the answer) in not keeping a proper lookout and in not seeing the defendant automobile until just before the collision, basing his argument on the assertion that the presence of the police emergency unit in the immediate area, and the sound of its siren, were of such a nature as to alert plaintiff to the possibility of a crossing against the red light facing Tulane so that plaintiff could and should have observed the defendant car as it began to cross and averted the accident. We do not agree.
Under our traffic light system a motorist has the right to rely upon a favorable light. Although he is not thereby relieved of the necessity of exercising some care and caution, to a large extent he is compelled to operate his vehicle in the belief that the traffic laws will be obeyed by others and, except under extraordinary circumstances (as in the face of known and imminent danger or where he sees or should see the other driver is going to violate his right of way and he has a reasonable opportunity to avoid the accident) he *595 has the right to assume a traffic light signal in his favor will be observed, understood and obeyed by other drivers. See Bryant v. Ouachita Coca-Cola Bottling Company, 239 La. 83, 117 So.2d 919; Kientz v. Charles Dennery, 209 La. 144, 24 So.2d 292; Reynolds v. Allstate Insurance Company, La.App., 176 So.2d 232; Roth v. Lloyd S. Gaubert, Inc., La.App., 144 So.2d 675; Seiner v. Toye Bros. Yellow Cab. Co., La.App., 18 So.2d 189.
Here we find no extraordinary circumstances which could result in the plaintiff losing his right to assume the traffic signal would be obeyed by the defendant. The record does not establish that plaintiff should have been aware of the fact that the defendant was going to run, or was running, the red light in time to take evasive action in order to avoid the accident. The police emergency unit was some distance from the intersection (one-half block or a full block away) when the siren was sounded and the collision had occurred before the unit entered the intersection. We hold plaintiff was not guilty of contributory negligence and the accident was caused solely by the negligence of the defendant.
On the matter of quantum, plaintiff's petition prays for a judgment in the total amount of $1,000 (the jurisdictional limit of the City Courts for the City of New Orleans), itemized as follows: past, present and future medical expenses, $250; physical pain and suffering and mental anguish, $650; and future disability, $100. The record establishes plaintiff was treated by his physician on four occasions during the week following the accident for cervical strain, lumbar strain and sprain of the middle finger of the left hand. He received diathermy treatments on those occasions but did not return for further treatment because of the costs involved. He testified the finger sprain cleared up a short time after the accident but the neck and back pain persisted for seven weeks after the accident.
We are of the opinion that plaintiff clearly is entitled to the amount of his prayer, $650, for pain and suffering and mental anguish. In addition, he is entitled to an award of $140 proven medical expenses resulting from the accident, or a total award of $790.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the plaintiff, Eddie Pettus, and against the defendant, Matthew Lehrmann, in the full sum of $790 with legal interest thereon from date of judicial demand until paid; all costs in both courts to be paid by the defendant-appellee, Matthew Lehr-mann.
Reversed.