LEMMON, Judge.
This case arises from an intersectional automobile collision and involves two consolidated suits against the defendant-appellant, Allen P. Meynard. One suit was by Frank Runfalo for medical expenses and *600 collision insurance deductible for himself and for personal injuries and loss of wages on behalf of his minor son, and the other suit was by Runfalo’s subrogated collision insurance carrier for auto damages in excess of the deductible.
Meynard answered both suits, denying his negligence and alternatively alleging contributory negligence. In the first suit he reconvened against Frank Runfalo, alleging personal injury and property damage.
All items of property and special damages were stipulated by the parties. The trial court rendered judgment in favor of Frank Runfalo and his insurer in the stipulated amounts and in favor of Anthony Runfalo[1] for his pain and suffering in the amount of $1,350.00 and for the stipulated loss of wages. The reconventional demand was dismissed.
Appellant seeks reversal of the judgment rendered against him and judgment in his favor and against Frank Runfalo in the amount of $4,500.00. Appellee Anthony Runfalo seeks an increase from $1,350.00 to $5,000.00 for his physical pain and sufferings

Negligence

The primary issue of negligence requires a factual determination. On Saturday, July 13, 1963, at approximately 3:00 p.m., Anthony Runfalo was driving alone in his father’s automobile on St. Bernard Highway in Arabi in St. Bernard Parish. In this area St. Bernard Highway has four lanes divided by a neutral ground and runs generally parallel to the Mississippi River. Runfalo was headed toward Chalmette and away from New Orleans.
Rowley Boulevard runs perpendicular to St. Bernard Highway and ends at the T-intersection that it forms with the highway, at which point traffic entering St. Bernard Highway from Rowley Boulevard must turn right toward New Orleans or cross the intersection and turn left toward Chalmette. The accident occurred at this intersection, which is controlled by a semaphore signal.
Runfalo was driving in his left or inside lane and claims to have entered the intersection on a green light. Meynard, moving from Rowley Boulevard onto St. Bernard Highway, also claims to have entered the intersection on a green light and was struck as he was turning left toward Chalmette. The right front door of the Meynard vehicle was struck by the left front of the Runfalo car, and was pushed 20 to 50 feet down the highway and into a ditch.
Obviously, both parties could not have entered the intersection on a green light. Although the trial judge did not assign written reasons or findings of fact, he resolved the issue in favor of Runfalo.
Runfalo testified that the light turned green when he was about one block from the intersection traveling at 30 to 35 miles per hour.[2] He noticed a transit bus stopped at the intersection in the right lane, and a black car stopped behind the bus was attempting to cross into the left lane in which Runfalo was traveling. He slowed momentarily, then resumed his normal speed when the black car did not pull out. Since he had a favorable light and possible danger to the right, he did not pay attention to anyone entering the highway from the left on an unfavored signal. When the Meynard car hauling a boat and trailer pulled into his path, it was too late to avoid the collision.
Victor Catalanotto, driver of the bus, testified that he stopped to discharge passengers while the light was red. He noticed a lady signaling from the neutral *601 ground, and the light turned green while he was waiting for her. The lady hoarded the bus, and the driver checked the light and began to move forward when the accident occurred in the lane to his left. He estimated that he had moved no more than 10 feet when the collision occurred and that the light had been green for 10 to 15 seconds.
The investigating officer was called as a witness by the plaintiff, but his testimony was of little value to either side, except to place the position of the vehicles when he arrived at the scene of the accident. He was inconclusive as to debris, skid marks and other physical evidence.
On the other hand, Meynard testified that he entered Rowley Boulevard from the parking lot of the shopping center located at the intersection, stopped for the red light behind two other cars, and then entered the intersection behind the two cars, which also both turned left toward Chalmette. He further testified that he did not see the Runfalo vehicle prior to the collision.
Meynard’s testimony was corroborated by his brother, who was a passenger in his car and to some extent by Burt Hall, who worked with his brother and who was several cars behind the Meynard vehicle, although the latter admitted that he did not see the accident or the color of the light when Meynard entered the intersection.
When, as here, the testimony presented on both sides is in direct conflict on a question of fact which turns on the credibility of the witnesses, we shall invoke the firmly established jurisprudential rule that the trial judge will only be reversed for manifest error. Naquin v. Van Court, 222 So.2d 601 (La.App. 1969) ; Bailaron v. Roth, 221 So.2d 297 (La.App. 1969). Our review of the record convinces us that the evidence supports a judgment in favor of the plaintiffs and that there is no manifest error in this finding by the trial judge.

Contributory Negligence

Having concluded that Runfalo entered the intersection on a green light, we turn next to the issue of his contributory negligence. Although Runfalo admits that he was not “paying attention to anybody coming across the light,” the record does not reflect any circumstances which would indicate that he was unreasonable in assuming that the red light facing Meynard would be obeyed. Indeed, the record does reflect that Runfalo was (and should have been) keeping a lookout on the car attempting to pull from behind the bus into his lane. A motorist traveling on a street controlled by an electric semaphore signal is entitled to assume that traffic facing a red light will obey the law and respect his right-of-way. Only in exceptional 'circumstances, where the motorist on the favored street could have avoided the accident by the exercise of the slightest sort of observation and care, will he be found derelict. Pettus v. Lehrmann, 230 So.2d 592 (La. App.1970); Bryant v. Ouachita Coca-Cola Bottling Co., 239 La. 83, 117 So.2d-919 (1960) ; Youngblood v. Robison, 239 La. 338, 118 So.2d 431 (1960); Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964). We hold that plaintiff was not contributorily negligent.

Quantum

The only issue regarding quantum is whether the award of $1,350.00 to Anthony Runfalo for pain and suffering should be reduced as defendant contends or raised as plaintiff argues. Runfalo suffered a fracture of the maxillary right central incisor tooth, fracture of the mandibular right central incisor tooth, laceration of gingiva, loss of labial process, and the resulting permanent loss of two teeth, the damaged teeth having been removed. This necessitated filing of undamaged teeth to place bridges over the area of these extracted teeth. He had continued discomfort from these injuries and re *602 quired periodic medical attention. In addition he suffered a contusion and laceration of the left knee, which required five physiotherapy treatments. We find that the award of the trial judge was neither inadequate nor excessive and was properly within his discretion. Pupillo v. Eakin, 147 So.2d 445 (La.App.1962); Smith v. New York Fire & Marine Underwriters, 182 So.2d 741 (La.App.1966), writs denied 249 La. 114, 185 So.2d 221 (1966); Mogg v. Armstrong, 176 So.2d 463 (La.App.1965).
For the reasons assigned, the judgment appealed from is affirmed, all costs to be borne by defendant-appellant.
Affirmed.

. The parties stipulated at trial that Anthony Runfalo, who had become a major, would appear in his own behalf to seek recovery for his personal injuries.

. The posted speed limit was 40 miles per hour.