LEMMON, Judge.
While crossing the River Road in Jefferson Parish, 12-year old Renauldo D. Robertson was struck by an automobile driven by Martin G. Staub and insured by Aetna Casualty and Surety Company. Mrs. Robertson sued for damages, individually and as natural tutrix of her minor child. The trial court dismissed her suit, and she appealed devolutively.
The versions of the accident presented by the two parties were so irreconcilable that the parties and their witnesses appeared to be describing different accidents.
Staub testified that he was returning to his home in New Orleans from a visit with *354 his son in Baton Rouge on Sunday, October 1, 1967. As he traveled the River Road at about 5:30 P.M., the traffic coming out of New Orleans was extremely heavy because a New Orleans Saints football game had just been completed. He observed three children on the sidewalk to his left, when one suddenly darted between the closely spaced, slow moving traffic coming from New Orleans, and ran into his path. He slammed on his brakes and either completely or virtually stopped at the point of impact, after leaving 39 feet of skid marks. The boy’s hand and arm struck the hood of the car. The boy stood there momentarily, then ran up on the levee. He called the boy back and was informed that no injury had been sustained.
On the other hand, Mrs. Robertson testified, first by deposition, that Renauldo and Byron Williams started across the road with no cars coming in either direction, when a car came flying around a curve. Although Byron made it across the road, Renauldo was hit by the car and thrown up against the windshield. She further remarked that she buried her face in her hands upon seeing this. However, at trial she denied seeing the accident, but testified that Renauldo was lying unconscious upon the ground when she arrived at the scene and remained unconscious until they arrived at the hospital.
Renauldo testified that he and Byron were alone. Byron crossed the road toward the levee, while Renauldo delivered a message from his mother to a lady who lived on the River Road. When he started to cross the road, he looked both ways and didn’t see anything, and then was struck as he walked quickly across the road.
Byron Williams, Renauldo’s cousin, first testified that he saw a speeding car approach, but later stated that he was climbing the levee when the sound of brakes alerted him to the accident.
Several relatives and other persons visiting at the apparent family gathering testified on behalf of the plaintiffs, one estimating the speed of the Staub vehicle at 70 miles per hour and all agreeing that the boy remained unconscious until he was removed to the hospital.
However, the investigating officer substantiated the Staub version in every detail. He stated that the boy was ambulatory when he arrived, and that there was no one unconscious near the scene. There was a hand print visible in the dust on the hood of Staub’s car, but there was no other damage. He interrogated at the scene Byron Williams and another witness who testified on behalf of the plaintiff. These witnesses related to him 'that they were standing on the road opposite the levee when Renauldo darted across the street. They also related that they attempted to stop him.
The officer further testified that the skid marks he measured were consistent with a speed of 30 miles per hour, which was estimated by Staub.
Although the trial judge assigned no written reasons, he resolved the issue of negligence in favor of Staub.[1] When, as here, the testimony presented on both sides is in direct conflict on a question of fact which turns on the credibility of witnesses, a trial judge will be reversed only for manifest error. E. g., Runfalo v. Meynard, 242 So.2d 599 (La.App. 4 Cir. 1970). After reviewing the record, we find the evidence supports a judgment in favor of Staub, and there is no manifest error in this finding by the trial judge.
Accordingly, the judgment of the district court is affirmed at plaintiff’s costs.
Affirmed.

. The child was of sufficient age and understanding to be held contributorily negligent. However, since we hold Staub free from negligence, it is not necessary to pass on this issue.