TUCKER, Judge.
Plaintiff, James Z. Tuggle, was involved in an automobile accident on May 20, 1969, when the 1962 Pontiac which he was driving, was struck by an oncoming Coca Cola Bottling truck driven by Frank Sims, who crossed the center-line of a two-lane street, Stilt Street, and struck plaintiff’s automobile even though he had pulled off the street into the ditch. Plaintiff was thrown against the steering wheel and struck his head on the inside post of the car. He suffered a cervical strain, and injured his finger. Since the time of the accident plaintiff allegedly has been subject to headaches, nausea, and dizziness, and has been unable to work.
During the period of plaintiff’s convalescence defendant insurance company, Em *520 ployers Mutual Liability Insurance Company made payments to plaintiff as follows:
June 4, 1969 for loss of wages for three weeks $192.20
11, 1969 for Our Lady of the Lake Hospital 11.00
11, 1969 for loss of wages for week of June 11 71.65
Sept. 4, 1969 for damages to Tuggle's automobile 191.89
9, 1969 for travel to Dr. Edel-man's office 5.00
9, 1969 for loss of wages through August 31, 1969 823.80
Nov. 19, 1969 paid to Dr. Leo Farmer for services rendered to Tuggle 77.50
Total $1,373.04
Plaintiff brought suit in forma pauperis against Frank Sims, the driver of the truck, for his negligence, and against his employer, Coca Cola Bottling Company, inasmuch as defendant Sims was in the course and scope of his employment at the time of the accident, and against the Coca Cola Bottling Company’s insurer, the Employers Mutual Liability Insurance Company, for $110,495.00 for pain and suffering, past and future, for medical expenses, past and future, for permanent injury and disability, and for loss of his automobile. Defendants answered denying liability, charging plaintiff with contributory negligence, and alternatively, claiming credit for $1,373.04 already paid plaintiff. The trial court awarded plaintiff $2,500.00 for physical pain and suffering, plus $104.00 for services rendered by Dr. Frank Rieger to plaintiff. The expert witness fee for Dr. Rieger was fixed at $75.00.
Plaintiff has appealed, asking at least $7,500.00 for injuries and damages. Defendants think that $750.00 would be more than adequate. The sole question on appeal is the matter of quantum. Defendants have also appealed.
Liability is not disputed effectively, and the sole issue at stake is whether the amount of the award for general damages is excessive to the extent that a reduction is warranted.
The only medical testimony in the case was provided by Dr. Frank G. Rieger who first saw plaintiff on the day of the accident and four more times during the ensuing month. In his deposition Dr. Rieger twice stated that plaintiff sustained a mild, not a severe, cervical muscle strain, as the secretary had written on his record. On page 7 of his deposition, when confronted with his report to Colonial Life Insurance Company, in which he referred to severe cervical strains and sprains, this physician said the report was prepared by his secretary, and that he would stand “as the records go as a mild — mild to moderate at the most and not severe.” Plaintiff had also injured the middle finger on his right hand, for which Dr. Rieger treated him with penicillin. During the course of his treatment by Dr. Rieger in the month of June, plaintiff seemed to be improving. Dr. Rieger saw plaintiff last on June 27, 1969, and noted on his record, “Doing o. k., shoulder and arm and side of head still hurting.” Dr. Rieger deposed that there were no objective symptoms of plaintiff’s pain on his last visit, but felt that the headaches were still referable to his neck. Plaintiff visited the Earl K. Long Hospital once thereafter. The trial judge was convinced .that the strain or sprain sustained by plaintiff in the accident caused him difficulty for a month to six weeks after the accident, but he thought that his need for medical attention ceased at that time. The trial judge noted that plaintiff’s complaints subsequent to that time were confined to intermittent headaches for which he administered himself aspirin or Alka-Seltzer. The trial judge noted at the time of trial that the plaintiff still complained of intermittent headaches, but was convinced plaintiff was able to carry on a full-time occupation on a continuous basis. Plaintiff testified to picking up light trash with his truck. The trial judge was not convinced that plaintiff had been fired from his job with the Associated Grocers solely because of his inability to work in its warehouse, as formerly, loading and stacking; however he had already been remunerated by defendants for loss of wages from May 20, 1969, to August 31, 1969.
*521 Appellants urgently contend that the trial court’s award of $2,500.00 damages to the plaintiff for his injuries, pain and suffering is excessive, and represents an abuse of the considerable discretion reposed in the trial judge on this score; that, accordingly, this award should be reduced. In support of their position appellants cite the case of Sturcke v. Clark, 261 So.2d 717 (La.App. 4th Cir. 1972) where the Court awarded the plaintiff $1,750.00 as general damages for personal injuries described as muscle spasms of the neck at varying degrees of flexion and extension; a mild temporary deficit in the left hand grasping power; an aggravation of a mild cervical arthritis; pain and soreness in the front rib cage which limited breathing caused by claimant’s chest striking the steering wheel; requirement of head halter traction almost three weeks after the accident because of the continued presence of some muscle spasm. In the cited case the plaintiff was under treatment for three months, although, after the first month, his injury problems were deemed to be mild and improving, and he missed two weeks of work as an assistant foreman in an automobile repair shop.
Other cases, involving awards of damages for cervical strains or sprains among other injuries, include Farris v. Baker, 240 So.2d 410 (La.App. 2 Cir. 1970), Burch v. St. Louis Fire & Marine Ins. Co., 235 So. 2d 218 (La.App. 4th Cir. 1970), Mid-States Ins. Co. v. Parker, 232 So.2d 799 (La.App. 4th Cir. 1970), Pettus v. Lehrmann, 230 So.2d 592 (La.App. 4th Cir. 1970), Craig v. Burch, 228 So.2d 723, writ refused 255 La. 475, 231 So.2d 393 (1969), Reynolds v. Hartford Accident & Indemnity Co., 228 So.2d 76, writ refused 255 La. 148, 229 So.2d 732. The awards in the cited cases, involving plaintiffs with injuries paralleling and in some instances exceeding those of Tuggle, ranged between the sum of $650.00 and $1,750.00.
The medical testimony here simply does not point to Tuggle’s having sustained substantial injury nor any more than a short-lived disability not in excess of one month to six weeks. Dr. Rieger’s testimony by deposition clearly reflects that he observed no objective signs, such as muscle spasms and a straightening of the normal curvature of the cervical spine, which usually accompany cervical sprains. The plaintiff was treated by the physician on four or five occasions, ending on June 27, 1969. Plaintiff asserted he visited the Earl K. Long Charity Hospital for treatment on one occasion. Plaintiff was not hospitalized nor was traction ever applied to his neck. It is, therefore, clear from the record that the plaintiff sustained a mild cervical sprain in the subject accident, together with a relatively inconsequential strain of his right middle finger and a bump on his head. It is further noted that the total medical expenses only reached the sum of $197.50, and it appears from the record that some of these charges represented the fees of medical examiners.
The fact that the defendants paid the plaintiff for lost wages from May 20, 1969 to August 31, 1969 in the total sum of $1,087.65 or for an approximate 15f£ weeks would seem to gainsay our holding that plaintiff’s disability to perform his job lasted for only one month to six weeks. There is nothing in the record to explain this apparent generosity on the part of the defendants.
We consider that the award of the trial court to the plaintiff of general damages for his injuries, pain and suffering is excessive and not in accord with its considerable discretion, and that this award should be reduced. We think the evidence requires a reduction of this item to the sum of $1,500.00.
Accordingly, for the foregoing reasons the judgment of the trial court is amended by reducing the award to the plaintiff for general damages from the sum of Two Thousand Five Hundred and No/100 ($2,500.00) Dollars to the sum of One *522 Thousand Five Hundred and No/100 ($1,500.00) Dollars; and as thus amended the judgment is affirmed; costs of this appeal to be borne by the plaintiff.
Affirmed as amended.