437 So.2d 889 (1983)
Dessie JONES, Plaintiff-Appellee,
v.
L.C. WINSTON, Mollie Winston, Allstate Insurance Company, City of Bastrop, Maryland Casualty Company, and State of Louisiana, Department of Transportation and Development, Defendants-Appellants-Appellees.
No. 15492-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
*891 Marshall W. Wroten, Bryan Miller, Sr. and Roxie R. Foster, Baton Rouge, for defendant-appellant, State of La., Dept. of Transp. and Development.
Travis M. Holley, Bastrop, for plaintiff-appellee, Dessie Jones.
Theus, Grisham, Davis & Leigh by J. Michael Hart and David H. Nelson, Monroe, for defendants-appellees, City of Bastrop and Maryland Cas. Co.
Before HALL, JASPER E. JONES and NORRIS, JJ.
HALL, Judge.
This is a suit for damages arising out of an intersectional collision. The plaintiff is Dessie Jones, the driver of one of the vehicles involved. Made defendants were Mollie Winston, driver of the other automobile; Mrs. Winston's husband, L.C. Winston, owner of the car; Allstate Insurance Company, the Winstons' liability insurer; the State of Louisiana through the Department of Transportation and Development (DOTD); the City of Bastrop; and its liability insurer, Maryland Casualty Company. The State also filed a third party demand against the City and its insurer. DOTD appeals the judgment of the district court awarding the plaintiff $58,634.54 against DOTD and further dismissing the claims of the plaintiff against all of the other defendants and the defendant's third party demand. Plaintiff did not appeal nor answer the appeal. For the reasons hereinafter stated, we affirm.
The accident occurred in the afternoon of September 3, 1980, when the automobile driven east on West Jefferson Street by Mrs. Jones collided with the automobile driven south on South Vine Street by Mrs. Winston at the intersection of the two streets in Bastrop, Louisiana. The intersection is controlled by semaphore lights, and it is conceded by all parties that Mrs. Winston had a green light when she entered the intersection. It is the contention of the plaintiff that the light facing her lane of travel malfunctioned and was green at the time she entered the intersection, thereby causing the accident.
A review of the record shows a sharp conflict in the testimony as to how the accident occurred and as to the condition of the light at the time of the accident. However, the trial judge, in written reasons for judgment, found that the sole legal cause of plaintiff's injuries was a sequence malfunction of the semaphore light. The trial judge held DOTD solely responsible for the mishap, despite the existence of a contract whereby the city had agreed to "maintain" the light. The trial judge found that the city was responsible under the contract for ordinary repairs, such as replacing burned-out bulbs, but not for major repairs to the light such as those involving the malfunction which was found to have caused the accident.
DOTD makes four specifications of error on appeal which raise the following issues for our consideration: whether the trial court erred in finding that the sequence malfunction of the semaphore light on West Jefferson Street constituted the cause of the accident; whether the trial court erred in computing its award to the plaintiff; and whether the trial court erred in absolving the City of Bastrop from liability in this case.
Liability of DOTD
The defendant-appellant maintains that the trial court finding of DOTD's liability as the guardian of the defective semaphore light which contributed to plaintiff's injury under LSA-C.C. Art. 2317 and Loescher v. Parr, 324 So.2d 441 (La.1975), is erroneous. The Department maintains that there is evidence that of the two semaphore lights facing plaintiff, one was functioning normally so that the plaintiff was faced with both a red and a green light at the intersection and that because of this fact the strict liability standard imposed by Loescher v. *892 Parr, supra, should not apply. DOTD contends specifically that the signal lights did not present an unreasonable risk of harm because one light was working properly.
The plaintiff testified that she was traveling on West Jefferson Street in Bastrop, proceeding east in the southernmost lane of this one-way street. She stopped at the intersection of West Jefferson and South Vine Streets after observing the suspended semaphore signal light indicating a red sign. After stopping she checked the signal in her lane and it showed green. Relying on this signal the plaintiff proceeded through this intersection where she was struck by the Winston vehicle which was traveling south on South Vine Street. The plaintiff sustained numerous injuries to her lower back and neck as a result of the accident.
Mrs. Winston testified at trial that the signal light on South Vine Street was green at the same time the plaintiff's car entered the intersection.
Sally Cuthbertson, a completely disinterested witness, testified on behalf of the plaintiff to the effect that she was nearly involved in an accident similar to the one between the Jones and Winston vehicles as she traveled east on West Jefferson toward the corner of South Vine at the lunch hour on the day of the accident. She testified that her examination of the intersection after her near mishap revealed that the light indicators at West Jefferson and South Vine showed green simultaneously. This testimony was corroborated by Mrs. Cuthbertson's husband, the manager of a discount store at the corner of West Jefferson and South Vine who witnessed his wife's near accident and testified that he saw and heard several other near misses throughout the day. He testified further that he went outside the store immediately after his wife's near miss and viewed five sequences of the semaphore lights at the intersection. He noted that while the light facing South Vine appeared to be working normally, the light facing West Jefferson turned from green to yellow and back to green in such a way that the opposing lights at the intersection indicated green at the same time. Mr. Cuthbertson stated on cross-examination that this defective condition existed only with respect to the southernmost light facing West Jefferson and that the other light facing West Jefferson appeared to be working normally.
The plaintiff's husband also testified, indicating that he traveled through the intersection twice within three hours after the accident. On his first trip through he noticed the same malfunction that the Cuthbertsons, Mrs. Winston, and the plaintiff testified to. He noted also that three hours later the light in the southernmost lane of West Jefferson, in which plaintiff was traveling immediately before the accident, was not working.
In an attempt to rebut this testimony DOTD offered as a witness a city policeman who investigated the accident and watched the intersection for 45 minutes immediately following the mishap. He testified that there seemed to be no problem with the sequence of the semaphore lights, but he noted that the light bulb in the red indicator facing the southernmost lane of West Jefferson had burned out. This testimony was corroborated by that of a DOTD electrician who fixed the traffic signal about two hours after the accident had occurred. However, despite the fact that each witness testified that the bulb had burned out, both witnesses also stated that this sort of malfunction would not cause a sequence problem so that both opposing lights would show green simultaneously.
On the basis of this testimony the trial judge dismissed plaintiff's claim against the Winstons and their insurer at the close of plaintiff's case, leaving DOTD and the City and its insurer as the remaining defendants. All parties concede that Mrs. Winston had a green light and was not negligent. The trial judge also found "... the most probable explanation of the light's malfunction to be a sequence malfunction causing both West Jefferson Street and South Vine Street to be controlled by a `green' light thus negating any negligence on the part of Mrs. Jones or Mrs. Winston."
*893 A review of the testimony shows that the trial judge's finding is not clearly wrong. However, there is some support in the record, particularly the testimony of Mr. Cuthbertson, for appellant's claim that of the two stoplights facing West Jefferson Street, only the one immediately in front of the southernmost lane appeared to be malfunctioning. The fact that a light facing her showed red as she approached the intersection was admitted to by the plaintiff on cross-examination as well, and the pre-trial deposition of Simpson E. Bayless offered in lieu of his testimony indicates that he was stopped in the northernmost lane of West Jefferson Street immediately to the plaintiff's left at the time of the accident and that the light facing his lane of traffic was red. Bayless however, was unable to comment on the status of the light facing the plaintiff.
Even assuming appellant's factual claim is true, this should not alter the trial court's finding of liability here. Irrespective of what the traffic signal facing the northernmost lane of West Jefferson showed, it is clear from the testimony of the plaintiff, of Mrs. Winston, and of the Cuthbertsons that the light in the southernmost lane of West Jefferson immediately facing the plaintiff indicated green at the same time the traffic light facing South Vine showed green. This malfunction, which the trial judge concluded caused the accident, constitutes an unreasonable risk of harm as contemplated by Article 2317 and Loescher.
A driver entering an intersection controlled by a semaphore light system must pay attention to the light facing him. Bryant v. Ouachita Coca-Cola Bottling Company, 239 La. 83, 117 So.2d 919 (1960). The duty of a motorist at an intersection controlled by a signal when the indicator light facing him is green was stated by this court most recently in McCoy v. Chambers, 403 So.2d 838 (La.App. 2d Cir.1981): "`A motorist approaching an intersection controlled by semaphore signals, who is favored by a green light, is entitled to assume that traffic approaching the intersection from either side on a red light will comply with the red light and respect his right-of-way.... The favored motorist is not obligated to look to his left or right before entering the intersection.... and will be held accountable only if he could have avoided the accident with the exercise of the slightest degree of care and fails to do so.... All that is required is that the favored motorist maintain a general observation of the controlled intersection....'" See also Champagne v. McDonald, 355 So.2d 1335 (La.App. 3d Cir.1978).
There is ample evidence in the record that the light facing the plaintiff in the southernmost lane of West Jefferson Street was green at the same time that traffic proceeding south on South Vine was also faced with a green light. As noted earlier, the trial judge accepted this evidence as correct, and after review of the record we find no error in this determination.
There is also no question from the record that the light malfunctioned because of a sequence defect and that this defect was the cause of the accident. Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980).
The appellant claims alternatively that it should be absolved from liability because the plaintiff's harm was caused by her own fault by proceeding into the intersection when one light showed red. Citing American Road Insurance Company v. Montgomery, 354 So.2d 656 (La.App. 1st Cir.1978), DOTD maintains that proceeding through an intersection without an abundance of caution when faced with both a red and green signal constitutes negligent conduct on the part of the plaintiff and a cause in fact of her injuries. The Montgomery case, however, is inapposite to the instant matter. In Montgomery the driver was faced with a single traffic light flashing red and green simultaneously. Such is not the case here; the evidence is clear that the signal facing the southbound lane of West Jefferson in which the plaintiff was traveling flashed green. As stated earlier, this traffic light controlled plaintiff's lane of traffic and was the only one she was *894 required to heed. There is no evidence that she was aware that the light controlling the other lane of travel was red. There was no fault on her part in directing her attention to the light in front of her lane of travel and relying on the signal displayed by that light. Bryant v. Ouachita Coca-Cola Bottling Company, supra.
For these reasons the plaintiff is entitled to a judgment against the custodian of the light, DOTD, on the theory of strict liability.
Quantum
The Department claims that the trial court's award of $50,000 for pain and suffering is too high and constitutes an abuse of discretion. The plaintiff sustained a ruptured disc in her lower back, and surgery was performed to remove this disc. The operation left her with a 10 percent disability. There is also evidence in the record that plaintiff has substantial cervical spine problems of indeterminate origin, corroborated by the testimony of plaintiff's treating physician. The parties stipulated that plaintiff incurred $8,639.54 in medical expenses as a result of her injuries sustained in connection with the accident.
The appellant contends specifically that the trial court did not afford enough weight to the statements of plaintiff on cross-examination concerning her preexisting arthritic condition and the fact that she collects social security disability income for this condition and did so for some time prior to the accident.
There is no indication that the trial judge did not consider these facts in making his award. Also, the record reveals that the substantial injuries referred to above resulted from the accident, and the general damage award therefor is well within the discretion of the trial court. Reck v. Stevens, 373 So.2d 498 (La.1979).
The plaintiff asks in brief that we increase the damage award. However, because she failed to answer the appeal, we cannot entertain her request. LSA-C.C.P. Art. 2133; Lentz v. Lentz, 411 So.2d 59 (La.App. 4th Cir.1982).
Liability of the City of Bastrop
The Department argues that it is entitled to a judgment against the City indemnifying DOTD under the maintenance agreement between the City and DOTD whereby the City agreed to take responsibility for "operation and maintenance" of the traffic signal in question. The trial court found on the issue of indemnity between DOTD and the City that the State alone was liable, as the stoplight was in its sole care, custody, and control with respect to the sequence malfunction, despite DOTD's contention that the City was at least partially liable by virtue of a contract between the City and DOTD whereby the former agreed to perform "routine" maintenance on the defective stoplight. The trial judge held that "[H]ere, both the State and the City of Bastrop participated in the control of traffic by sharing the maintenance on the semaphore light. But the Court finds that the malfunction of the light which constituted the legal cause of the accident was not within the scope of responsibility which the City of Bastrop has undertaken by virtue of its `maintenance contract'."
The extent of the City's responsibility is not defined in the contract, but the evidence concerning the maintenance agreement leaves it clear that the scope of the City's responsibility under this contract extends only to routine maintenance, such as replacing burned out light bulbs, cleaning lenses, and the like. It does not extend to repairing the control box or problems with sequence malfunctions. See Garrison v. State, Through Department of Highways, 401 So.2d 528 (La.App. 2d Cir.1981); Hardy v. State, Through Department of Highways, 404 So.2d 981 (La.App. 3d Cir.1981). As noted earlier, the trial judge found that the malfunction in the traffic signal was a sequence malfunction and that this defect was the proximate cause of the accident. Again, this finding is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Therefore, the City was under no obligation to the Department to repair the sequence defect in the traffic light on *895 West Jefferson Street, and is not liable for indemnity or contribution to the Department for damages caused by the sequence defect.
The state also argues that the City was obligated under the contract to notify DOTD of any major problems with the light after the City received notice of such malfunction. While the evidence bears out the existence of this obligation, it is nevertheless apparent that DOTD did not prove by a preponderance of the evidence that the City had notice of the sequence malfunction.
Although Sam Cuthbertson testified that he called "city hall" concerning the problem at South Vine and West Jefferson around lunch time on September 3, Yvonne Goleman, responsible for taking complaint calls, testified that she received no such call. This testimony was corroborated by another City traffic department employee who noted that the traffic department's log for September 3 reflects no such call. Implicit in the trial judge's written reasons for judgment is a finding that DOTD did not sustain its burden of proving that the City was notified of the light malfunction, and in view of the testimony, we find that this conclusion is not manifestly erroneous. Arceneaux v. Domingue, supra.
Conclusion
For the reasons stated above the judgment of the district court is affirmed at appellant's cost.
Affirmed.