134 So.2d 609 (1961)
Mrs. Mabel Rains SHAW et vir, Plaintiffs-Appellees.
v.
GLOBE INDEMNITY COMPANY, Defendant-Appellant,
Louisiana Fire Insurance Company, Intervenor-Appellee.
No. 9571.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1961.
Rehearing Denied November 22, 1961.
*610 Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellant.
Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellee.
Malcolm W. Feist, Shreveport, for intervenor-appellee.
Before HARDY, GLADNEY, and AYRES, JJ.
HARDY, Judge.
This is an action by plaintiffs, husband and wife, for the recovery of damages resulting from personal injuries sustained by Mrs. Shaw in a motor vehicle collision. Named as defendant is Globe Indemnity Company, insurer of an ambulance owned by its insured, J. S. Williams Funeral Home. The collision insurer of plaintiffs' automobile, Louisiana Fire Insurance Company, intervened, seeking recovery of amounts paid to plaintiff Shaw in satisfaction of damages to the insured vehicle. From a judgment in favor of plaintiff wife in the nature of damages for personal injuries in the principal sum of $5,000; in favor of plaintiff husband in the sum of $1,985.64, representing medical expenses, property damages and loss of his wife's wages for a period of four and one-half months, and in favor of intervenor in the principal sum of $916.20, defendant prosecutes this appeal.
The accident occurred about mid-morning of October 31, 1959, at the intersection of Kings Highway and Linwood Avenue in the City of Shreveport, controlled by an electric semaphore traffic signal. Mrs. Shaw, driving the community automobile, was moving west on Kings Highway on a green light and was struck broadside at a point at or about the middle of the intersection by an ambulance of the J. S. Williams *611 Funeral Home, which moved into the intersection, southbound, against a red light signal.
The negligence of the driver of the Williams ambulance is conceded, and the sole issue presented by this appeal relates to the defense of contributory negligence as against Mrs. Shaw, which is predicated upon the contention that she could and should have seen the approach of the emergency vehicle and heard the warning siren. There is no question as to the fact that both the red blinker light on the ambulance and its siren were operating at the time.
The determination of the issue presented requires a finding both as to the facts of the instant case and the legal principles applicable thereto.
Numerous witnesses were produced by the parties litigant, all of whom testified that they heard the sounding of the ambulance siren, albeit some of them were aware of the warning only at the time of, or instantaneously before, the occurrence of the collision. It may also be observed that in some degree there was a distinction with respect to the ability of these witnesses to hear the siren due to their positions and consequent opportunities therefor.
Mrs. Shaw testified that she did not hear the siren nor observe the approach of the ambulance until she had entered the intersection, and it was too late to attempt any action to avert the collision.
We eliminate from consideration in this case the question as to whether Mrs. Shaw could and should have observed the approach of the ambulance, on the basis of the pronouncements of the Supreme Court in Youngblood v. Robison, 239 La. 338, 118 So.2d 431, and Bryant v. Ouachita Coca-Cola Bottling Co., 239 La. 83, 117 So. 2d 919, to the effect that a person approaching an intersection on a favorable light has the right to assume that other motorists will not violate the warning of a stop light.
Therefore, the existence of contributory negligence, vel non, must be determined with respect to the use of another of the five physical sensesthat of hearing. In brief, we are required to decide whether, under the facts of this case, Mrs. Shaw could and should have heard the ambulance siren in time to take such reasonable precautions as would have avoided the accident under the existing circumstances.
Distinguished counsel for plaintiffs and defendant, in arguments and briefs before this court, have considerately delimited their reliance upon legal authorities on this point to what are unquestionably the three leading cases in Louisiana jurisprudence. Counsel for plaintiffs insist that the facts of the instant case are remarkably similar to those involved in Roll Osborn & Sons v. Howatt, La.App., 167 So. 466, and that the rule of law therein declared is applicable. With equal insistence learned counsel for defendant rely upon the authority of Calvert Fire Ins. Co. v. Hall Funeral Home, La.App., 68 So.2d 626, and Hardy v. Daigre-Gilbert Undertaking Company, La.App., 42 So.2d 158.
Despite the similarity of facts and circumstances, we do not think the principle of the Osborn case can be appropriately applied, inasmuch as there has been a material change in the ordinances of the City of Shreveport. There was no city ordinance at the time of the occurrence of the Osborn-Howatt accident, which imposed a duty upon a motorist to heed the audible warning signals of emergency vehicles. The appropriate city ordinance in effect at the time of the occurrence of the incident here under examination provides:
"Upon approach of any authorized emergency vehicle giving audible signal by an appropriate device, the driver of every other vehicle shall immediately drive to a position as near as possible and parallel to the right-hand side of the street or highway, clear of any intersection, and shall stop and remain there, unless otherwise directed by a *612 police or traffic officer, until the authorized emergency vehicle has passed."
Under the above provision there can be no doubt as to the conclusion that a legal obligation was imposed upon Mrs. Shaw, together with every other motorist who should have heard the ambulance siren, to remain clear of the intersection. In the Calvert case this court had under consideration the traffic ordinance of the City of Monroe, which, for all practical purposes, was identical with the above quoted subject matter in the corresponding ordinance of the City of Shreveport. The facts in the Calvert case, up to a point, were also practically identical with those established herein, and the opinion of the court, after briefly stating the testimony of the witnesses, properly concluded that the driver of the plaintiff's automobile should have heeded the siren and brought his automobile to a stop. If this was the only factor or circumstance under consideration we would have no hesitancy in accepting both the rationale and the conclusion reached by the court in the cited case. However, the opinion of the court in the Calvert case properly took into consideration other factors affecting the ability of a motorist to hear. We quote from the opinion as follows:
"The logical inference from all of this testimony is that Ryerson (driver of plaintiff's vehicle) was in a position where he should have heard the siren timely and brought his automobile to a stop as required by the ordinance. Upon examination by counsel he testified his window was down, that the car radio was not playing and there was no noise or disturbance to interfere with his hearing the warning signal. Under these circumstances we are forced to the conclusion that plaintiff should have heard that which he could have heard. Plaintiff, therefore, was guilty of contributory negligence which was a proximate cause of the accident for had he heeded the siren as he should have and promptly brought his automobile to a stop the accident would not have occurred. No reason is given why he should not have heard the signal as did many other witnesses." [68 So.2d 630.] (Emphasis supplied.)
The important distinction between the Calvert and the instant cases is found in the emphasis above supplied. The windows of the Shaw car were closed except for a crack of about one inch on the driver's side, which was opposite from the direction of travel of the approaching vehicle, and the heater and the blower fan were in operation. In our opinion, these circumstances constituted a valid reason why Mrs. Shaw did not hear the ambulance siren.
Examination of the Hardy case, cited supra, discloses such obvious factual differences as to render it inappropriate as authority.
Under the facts above noted we think the "could and should have heard" rule is inapplicable, and it follows that Mrs. Shaw was properly exonerated from any contributory negligence in connection with the occurrence of the collision.
By answer to the appeal plaintiffs seek an increase in the quantum of the awards in favor of Mr. and Mrs. Shaw, while counsel for defendant contends that these awards were excessive and should be reduced.
The principal injuries consisted of a fractured sternum and a painful back condition which exacerbated a pre-existing congenital abnormality. Mrs. Shaw was hospitalized for a period of thirteen days, was confined to her bed for an additional two months, was unable to return to her employment as a hotel PBX operator and desk clerk for a period of four and one-half months, during the greater part of which time she was required to remain in traction; continued to suffer pain even as of the date of trial some thirteen and one-half months following the accident and sustained a degree of permanent functional disability.
*613 After careful consideration of the nature and extent of the injuries sustained and the medical testimony with reference thereto, we are unable to find that the award was either excessive or inadequate.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.