WILLIAMS, Judge.
This is a subrogation claim arising from an automobile-truck collision on June 2, 1966 at the intersection of Mansfield Road and Flournoy-Lucas Road south of Shreveport. Plaintiff, State Farm Mutual Automobile Insurance Company, seeks recovery of $835.69 paid to its insured, John E. Whatley, the total cost of repairing his automobile, less $50.00 deductible insurance coverage.
The vehicles involved were a 1964 Plymouth Valiant owned and operated by What-ley, and a 1963 Chevrolet dump truck owned by Fred H. Fountain and being driven by James E. Mathews. There was no liability insurance covering Fountain or *626 Mathews. At the time of the accident, the dump truck had been rented by Fountain to Isbell Construction, Inc., insured by Bituminous Casualty Corp. Various third party claims were asserted but are not at issue on this appeal. The issue of whether Mathews was a borrowed servant of Isbell Construction, Inc. was decided adversely to Isbell by the trial court, and is conceded here. Judgment was rendered in favor of plaintiff State Farm on the principal demand and against. Mathews, Isbell Construction and Bituminous Casualty, and Is-bell and Bituminous Casualty have appealed suspensively. On appeal the only issues raised by appellants and to be decided are:
1. Was James E. Mathews guilty of negligence proximately causing the accident ?
2. If Mathews was guilty of negligence proximately causing the accident, was John E. Whatley guilty of contributory negligence which would bar his recovery ?
The record reflects that the Mansfield Road, U.S. Highway 171, contains six traffic lanes, two northbound lanes, two southbound lanes, a left turn lane for southbound traffic, and a left turn lane for northbound traffic. The Flournoy-Lucas Road is a two lane road running generally east and west and crossing the Mansfield Road. The traffic at the intersection is controlled by semaphore signals. The vehicle driven by Whatley was proceeding in a westerly direction on the Flournoy-Lucas Road and the truck driven by Mathews was proceeding south in the outside or west traffic lane of the Mansfield Road when the vehicles collided.
This case was tried before Judge John A. Dixon, who was elevated to this court before the case was submitted for decision. It was then assigned to Judge Eugene B. Middleton, who, in his reasons for judgment dictated into the record, concluded that the accident was caused by Mathews’ failure to stop for a red light and that his negligence was the sole proximate cause of the accident. The evidence may be briefly summarized as follows: Whatley, plaintiff’s insured, testified that the light facing him was green. Mathews did not testify; however, the investigating officer testified Mathews told him that as he approached the intersection the light changed to red; that he applied his brakes but was unable to stop. There were three eyewitnesses: Raymond F. Blandino, who testified that at the time of the impact the light facing the truck was red. B. E. Williams testified that when the truck went under the light, it was red. Tom Patterson testified that the north-south light was green.
Our review of the record convinces us that the preponderance of the evidence is to the effect that Mathews ran the red light and that his negligence was the proximate cause of the accident. We find no contributory negligence on the part of Whatley. We are in accord with the result reached by the trial court.
For the reasons assigned, the judgment appealed is affirmed. Costs of this appeal are assessed to appellants.