BOLIN, Judge.
This tort action emanated from a collision between two automobiles in the intersection of Gilbert Street and Stoner Avenue in the City of Shreveport, Louisiana.
The accident occurred on September 28, 1969, at approximately 4:50 p. m. when the weather was dry and visibility was good. Gilbert Street is a 2-lane thoroughfare running generally north and south with additional width for the parking of automobiles. Stoner Avenue runs generally east and west and is of equal dignity with Gilbert as to width and amount of traffic. Traffic through the intersection is controlled by an overhead electric semaphore light with the usual colors of green, amber and red. Immediately preceding the accident Mrs. Ruth C. Van Hook was driving south on Gilbert in the family-owned automobile which was insured against public liability by Fireman’s Fund American Insurance Company.
Mrs. Van Hook had attended a funeral service at a nearby funeral home and was driving her car in a funeral procession which had not proceeded very far, and, as a consequence, the spaces between the automobiles were unequal. There was a police escort leading the procession, but no officer was dispatched to control traffic at the intersection of Stoner and Gilbert. As Mrs. Van Hook approached the intersection the traffic light was red to her and she stopped her vehicle momentarily. She then proceeded to drive her car into the intersection where it was struck from the right by an automobile being driven by Jack Moore, who was accompanied by plaintiff, Daisy Boles, a guest passenger.
Daisy Boles, who was injured in the wreck, instituted this suit for damages for personal injuries, medical expenses and loss of wages. Mr. and Mrs. Van Hook and their insurer answered denying any negligence on the part of Mrs. Van Hook, affirmatively alleging negligence against Jack Moore and, alternatively, contending Daisy Boles, as guest passenger, was guilty of contributory and independent negligence precluding her recovery. By third party demand defendants made Jack Moore third party defendant on the theory he was guilty of negligence, and should judgment be rendered against the Van Hooks and their insurer they were entitled to a judgment against Jack Moore for one-half of any sum for which they might be cast in judgment. Moore answered the third party demand, denied any negligence on his part, and reconvened seeking judgment against the Van Hooks and their insurer for damages for personal injuries allegedly suffered by him in the accident.
The trial judge found the accident was caused entirely by the negligence of Jack Moore in driving his vehicle into the intersection and striking the Van Hook vehicle while it was a part of a funeral procession. The demands of plaintiff were rejected and from formal judgment signed pursuant to these findings, Daisy Boles and Jack Moore appeal.
 Although there is conflict in some of the testimony it is uncontradicted Ruth Van Hook entered the intersection while the signal light was red for traffic on Gilbert. The mere fact that she was in a *531 funeral procession did not relieve her of the obligation of obeying the traffic signal unless it be shown by the pleadings and the evidence that a local ordinance gave her this right. From our review of this record we are unable to find any allegation or evidence of the existence of such an ordinance. The trial judge did not base his findings on a local ordinance, but merely concluded Mrs. Van Hook had a right to disobey the traffic light because she was in a funeral procession, and that Jack Moore did not have a right to enter the intersection pursuant to a green light because of the procession. The only reference to a local ordinance in the record appears in brief of counsel for appellees wherein they quote a purported ordinance enacted by the City of Shreveport.
Louisiana Revised Statute 13:3712 B. provides:
“All courts of record in the state shall take judicial cognizance of the municipal ordinances and parochial ordinances which may be enacted by governing authority of any town, city, municipality, or parish within their respective jurisdictions whenever certified copies of such ordinances have been filed with the clerk of said court. The clerk shall keep a record of such ordinances filed with him. It shall not be necessary to file more than one copy of any ordinance with the clerk in order that judicial cognizance be taken thereof. Such certified copies may be filed with the various clerks of court either by the proper custodian of the ordinances of respective town, city, municipality or parish, or any lawful officer of the court.”
Since there is no allegation or proof that the above statute has been complied with, this court cannot take judicial notice of the existence and provisions of a municipal ordinance which is referred to only in statements made in a brief filed before this court. Brown v. Parish of East Baton Rouge (La.App. 1 Cir. 1960), 126 So.2d 173; Hardware Mutual Casualty Co. v. Abadie (La.App.Orleans 1951), 51 So.2d 664; Chandler v. Grain Dealers Mutual (La.App. 2 Cir. 1961), 131 So.2d 606.
We consider next the following issues: the primary negligence of Mrs. Van Hook; whether or not, if negligent, Mrs. Van Hook had preempted the intersection; and the contributory negligence of Jack Moore and Daisy Boles.
The Louisiana Highway Regulatory Act, Revised Statutes Title 32:232, provides:
“Whenever traffic is controlled by traffic-control signals exhibiting the words “Go”, “Caution”, or “Stop”, or exhibiting different colored lights successively at a time, or with arrows, the following colors only shall be used and said terms and lights shall indicate and apply to drivers of vehicles and pedestrians as follows:
******
“(3) Steady RED alone, or STOP:
(a) Vehicular traffic facing the signal shall stop before entering the cross walk on the near side of the intersection or, if none, then before entering the intersection, and shall remain standing until green or “Go” is shown alone * * * ”
In view of the plain language of the statute and admission by Mrs. Van Hook that the light was red as she entered the intersection, we find she was guilty of negligence which was a proximate cause of the accident. See State Farm Mutual Automobile Insurance Co. v. Fountain (La.App. 2 Cir. 1970), 236 So.2d 625; Deshotel v. Southern Farm Bureau Casualty Insurance Co. (La.App. 3 Cir. 1969), 224 So.2d 191.
Although appellees have not argued in brief before this court that Mrs. Van Hook had preempted the intersection, nevertheless it is so alleged in their answer. On this point Mrs. Van Hook admitted running the red light but denied stopping her car, even momentarily, before proceeding into the intersection. She testified she was in a continuous flow of traf- *532 fice through the intersection. Lt. Robert L. Poston, a deputy employed by the Caddo Parish Sheriff’s Department, was driving his vehicle in the funeral procession and was the first car behind that driven by Mrs. Van Hook. He testified the procession had not been completely formed and was “buckling” in spots. He was definite in his testimony that Mrs. Van Hook momentarily stopped at the red light, and then proceeded into the intersection where her automobile was struck by the Moore car. We find from this testimony that Mrs. Van Hook cannot be held to have preempted the intersection. As said in Butler v. O’Neal (La.App. 2 Cir. 1946), 26 So.2d 753:
“ * * * Pre-emption of an intersection, under the principles established by our jurisprudence, does not mean the prior entry of a vehicle simply by a matter of a few feet, or, in relation to the time element, by a fraction of a second ahead of another vehicle, but, in order to support a charge of negligence, such preemption must be construed to mean an entry into an intersection with the opportunity of clearing the same without obstruction of the path of another vehicle under normal and reasonable circumstances and conditions. Where the intersection involves the passage across a favored thoroughfare, an obligation of unusual care and caution upon the driver of vehicles on the less favored thoroughfare should be enforced.”
On the issue of contributory negligence, the testimony of Jack Moore and Daisy Boles was essentially the same. They said the traffic light changed to green for them when their vehicle was only a short distance from the intersection. Both testified they were not aware of a funeral procession and saw no lights on the vehicles proceeding on Gilbert. As the traffic light turned to green Moore continued into the intersection at a speed of approximately 25 miles per hour, and suddenly the Van Hook car ran the red light, blocking the intersection, and resulted in the Moore car striking the Van Hook automobile on its right side. The trial judge was of the opinion the headlights on the vehicles in the funeral procession were on and that Moore should have seen them, thereby knowing a funeral procession was in progress on Gilbert Street. Moore said he did not see the lights, and we see no reason to doubt his word as the procession was traveling at a right angle to him. In view of the emphatic pronouncements of the supreme court and of this court in two cases, which we will cite below, we cannot agree with the trial judge’s opinion. In Youngblood v. Robison, 239 La. 338, 118 So.2d 431 (1960), it was held:
“ * * * But when a crossing is protected by an electric semaphore light it is not essential for the favored driver to look for violations by side-street traffic facing the red light for that traffic is not only required to stop but to remain stationary until the semaphore changes to green.”
See cases cited.
In the case of Shaw v. Globe Indemnity Company (La.App. 2 Cir. 1961), 134 So.2d 609, the court held Mrs. Shaw, the plaintiff, was exonerated from the duty of hearing the siren of an ambulance approaching an intersection through which she was proceeding on a green light under the circumstances there presented. Since she neither heard nor observed the ambulance she was held not guilty of contributory negligence which would have prevented her recovery for injuries sustained in the accident which ensued.
We find Jack Moore and Daisy Boles were free of negligence. Moore was operating his vehicle at a reasonable rate of speed and entered the intersection on a green light. He had the right to assume that traffic approaching from intersecting streets would obey the rules with regard to stopping for a red semaphore light. The evidence shows the traffic was heavy, moving at the legal rate of speed, and there was a momentary stopping by Mrs. Van Hook *533 so as to permit the conclusion there was a break in the procession. This latter testimony would lend support to Moore’s testimony that he observed no traffic interfering with his right of way when he entered the intersection, at which time it was too late for him to avoid the accident by evasive action.
Left for consideration is the question of quantum. The collision caused Daisy Boles to be thrown into the steering wheel of the Moore vehicle resulting in painful injuries to her left side. She was immediately taken by ambulance to the Schumpert Hospital where X-Rays were taken and she received first aid. The nurse fitted her with a rib belt and she was released to go home. The next day she went to the office of her family physician, Dr. Edward B. Pittman. Dr. Pittman examined and treated the patient for several weeks and recommended she be hospitalized, but for financial reasons she was unable to do so and was treated by the doctor in his office. From a study of the X-Rays and his own treatment and observation, Dr. Pittman concluded Daisy Boles received painful injuries resulting in comminuted fractures of three ribs on her left side. He prescribed various pain killers and muscle relaxants and dismissed her as being able to return to work within six to eight weeks following the accident. Daisy was employed as a cook at a Shreveport restaurant, earning approximately $47 per week. We find she is entitled to recover medical expenses as follows:
Ambulance service. $25.00
Dr. Pittman . 45.00
Medicine 25.00
$95.00
Daisy testified she was unable to work for approximately four months, but the medical testimony does not support an award for a period beyond eight weeks at $47 per week, or $376.
While Daisy’s injuries were not permanent, they were serious and very painful, for which we think $2,000 would be a reasonable award.
Jack Moore stated at the scene of the accident he did not think he was injured. However, the record convinces us he received bruises and suffered severe headaches for some time following the accident, although he did not consult a doctor until October 18, 1969. The testimony supports an award in favor of Moore for nominal damages for pain and suffering which we fix at the sum of $500.
For the reasons assigned the judgment appealed from is reversed and set aside, and
It is now ordered that there be judgment in favor of Daisy Boles and against Mrs. Ruth C. Van Hook, B. O. Van Hook, and Fireman’s Fund American Insurance Company, in solido, for $2,471 together with legal interest thereon from date of judicial demand until paid, and all costs of these proceedings.
It is further ordered that the third party demands of Mrs. Ruth C. Van Hook, B. O. Van Hook, and Fireman’s Fund American Insurance Company against Jack Moore be rejected, and that there be judgment in favor of Jack Moore and against Mrs. Ruth C. Van Hook, B. O. Van Hook, and Fireman’s Fund American Insurance Company, in solido, for $500 together with legal interest thereon from date of judicial demand until paid, and all costs of these proceedings.