SAVOY, Judge.
This is a damage action which arises out of an automobile collision which occurred in the City of Crowley, Louisiana, on October 24, 1968, at approximately 3:15 P.M. The accident occurred at the intersection of 9th Street and Western Avenue. At the intersection, 9th Street runs generally east and west, and Western Avenue runs generally north and south.
Immediately prior to the accident, plaintiffs, all of whom were passengers in an automobile being driven by Paul Moore, Jr., were proceeding in a northerly direction on Western Avenue approaching the intersection of Western Avenue and 9th Street. At the same time, Simar Hanks was approaching the intersection on Western Avenue coming from the opposite direction. When the two vehicles reached the intersection Hanks made a left turn to proceed toward the east, and the collision occurred as this turning maneuver was being attempted by Hanks.
Western Avenue is a four lane boulevard, divided by a grassy neutral ground. Normally, there are two lanes available for each direction of travel on Western Avenue. However, at the time of the accident, there was a construction project underway, and the two south-bound lanes of Western Avenue, immediately south of the 9th Street intersection, were blocked to traffic. Traffic moving in a southerly direction on Western Avenue was required to proceed on the inside lane of what would normally have been the two north-bound lanes of traffic on Western Avenue.
Simar Hanks made his left turn maneuver and caused the front of his vehicle to strike the left front of the vehicle being driven by Paul Moore, Jr. The Moore vehicle at this time was proceeding north on Western Avenue.
Near the scene of the accident, on the neutral ground dividing the boulevard, south of the intersection of 9th and Western, was a flat bed pipe truck owned by defendant, Concrete Pipe Products, Inc. The truck was parked on the neutral ground with only a small portion of its cab extending on the surfaced edge of the road. However, no part of the truck blocked traffic on the normally traveled *483 part of the intersection. The truck was parked at that point for the purpose of unloading concrete pipe on the neutral ground.
Because of the manner in which the truck was parked, the view of motorists approaching the intersection was obstructed. The right-of-way belonged to traffic on Western Avenue over that traffic crossing the intersection and proceeding on 9th Street.
The City of Crowley had erected barricades at the construction site, and appropriate signs to warn approaching traffic were placed on Western Avenue.
Plaintiffs brought suit against Simar’ Hanks, City of Crowley, Concrete Pipe Products, Inc., and the insurer of Concrete Pipe Products, Inc. The trial court, after considering the evidence, rendered judgment in favor of all plaintiffs except Chester Moore, and against the defendant, Si-mar Hanks. Judgment was rendered in favor of the other defendants, City of Crowley, Concrete Pipe Products, Inc., and the insurer of the latter defendant.
Plaintiffs perfected this appeal and are seeking to obtain judgment against the City of Crowley, Concrete Pipe Products, Inc., and Continental Insurance Company, the insurer of Concrete Pipe Products, Inc. The litigants have not asked this Court to consider the question of negligence of Hanks or the amount of the awards against him.
The issue presented by the appeal is whether the defendant, Concrete Pipe Products, Inc., violated any statute or ordinance so as to be guilty of negligence per se, and whether there was such a relationship between the City of Crowley and the employees of Concrete Pipe Products, Inc. so as to cause the City of Crowley to be liable for any acts or omissions of the said employees.
Plaintiffs-appellants urge that defendants violated LSA-R.S. 32:369 and an identical ordinance enacted by the City of Crowley. We note at the outset that this alleged ordinance is not a part of the record in this case and was never introduced into evidence or properly filed with the Clerk of Court. The ordinance is referred to by number in the original petition and in the brief of appellants. Absent the allegation or proof of compliance with the statute providing that all courts of record shall take judicial cognizance of municipal ordinance whenever certified copies of such ordinance have been filed with the Clerk of Court, this Court cannot take judicial notice of the existence of and the provisions of a municipal ordinance which is referred to only in statements made in a brief filed before this Court. LSA-R.S. 13:3712, subd. B; Boles v. Fireman’s Fund Insurance Company, 250 So.2d 529 (La.App. 2 Cir. 1971). We thus turn to consideration of whether the Concrete Pipe Products truck was parked in violation of LSA-R.S. 32:369. That statute, which is part of the Highway Regulatory Act, requires vehicles such as the truck involved here to be equipped with red flags which are to be placed to the front and rear of the vehicle when it stops and obstructs passage on the highways. We do not find that statute applicable to the facts in this case. All prior cases which apply and interpret LSA-R.S. 32:369 deal with vehicles which partially or totally block the passage of traffic on highways. See Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962), and numerous cases cited therein. In the instant case, the Concrete Pipe Products truck was not parked on a highway and did not in any way obstruct the passage of traffic on the street involved.
Appellants next urge that the defendant, Concrete Pipe Products, Inc., was in violation of LSA-R.S. 32:143, subd. A and LSA-R.S. 32:144, subd. A. The pertinent provisions of Section 143, subd. A deal with parking in an intersection and ob *484 structing visibility of traffic control devices. The truck here was not parked in the intersection and there were no traffic control devices at the intersection. Section 144, subd. A deals with parking distance from the curb on the side of a highway. The truck here was parked off the street, and clearly not over the proper distance from the curb. Therefore, we do not find these statutes applicable to this case.
Because the defendant, Concrete Pipe Products, Inc., did not violate any statutory law, we find that it is not guilty of negligence per se.
Even if Concrete Pipe Products were guilty of negligence, we do not feel that such negligence could be considered the proximate cause of this accident. The sole and proximate cause of the collision was the failure of defendant, Simar Hanks, to exercise proper care in yielding the right-of-way to the automobile which was occupied by plaintiffs. The fact that Mr. Hanks’ view was impaired merely increases the degree of care which he was obliged to exercise under the circumstances. It does not justify a finding that the parked vehicle was the proximate cause or a concurring proximate cause of the accident. Monger v. McFarlain, 204 So.2d 86 (La. App. 3 Cir. 1967).
The only possible liability of the City of Crowley in this case is predicated upon the theory that the City controlled the employees of Concrete Pipe Products, Inc., and thus, are liable for any negligence of such “borrowed employees”. Since we have determined that Concrete Pipe Products and its employees were not guilty of any negligence which was a proximate cause of this accident, the issue as to the liability of the City of Crowley is preter-mitted.
For the reasons assigned, the judgment of the district court is affirmed. Plaintiffs-appellants to pay all costs of this appeal.
Affirmed.