324 So.2d 354 (1975)
Claude R. SLEDGE
v.
Andrew D. McGLATHERY, Jr.
No. 57021.
Supreme Court of Louisiana.
December 8, 1975.
Rehearing Denied January 16, 1976.
*355 Robert G. Pugh, Pugh & Nelson, Shreveport, for defendant-relator.
Jack R. Gamble, Jr., Gamble & Sledge, Mansfield, for plaintiff-respondent.
CALOGERO, Justice.
In this case we must determine whether the presiding judge of a Mayor's court in Louisiana has the power and authority to appoint an attorney at law as counsel to represent an indigent defendant who has been charged with an offense punishable by imprisonment under the Municipal Criminal Code of the jurisdiction.
The trial court in this matter ruled that he does not have such power and authority, and therefore granted a preliminary injunction enjoining Andrew Duke Mc-Glathery, Jr., Mayor of the Town of Logansport, from "refraining to withdraw his appointment of Claude R. Sledge to represent Archie Peterson as an indigent in proceedings against him [Archie Peterson] in the Mayor's court, Logansport, DeSoto Parish, Louisiana."
We granted writs upon application of the Mayor to review the judgment of the district court under our general supervisory jurisdiction.
The Town of Logansport is a political subdivision of the State of Louisiana, located in DeSoto Parish, Louisiana, and has as its current and duly elected Mayor, Andrew Duke McGlathery, Jr. As Mayor he serves in the capacity of judge of the Mayor's court.
While the Mayor's court was in session on the 22nd day of September and the 6th day of October of this year, there appeared for arraignment one Archie Peterson, who had been charged with violation of certain offenses as defined by a Municipal Ordinance of the Town of Logansport.[1]
Archie Peterson was not represented by counsel at the time of his appearance on September 22, 1975. It was judicially determined that he was indigent and, upon his request that an attorney be appointed to represent him, Claude R. Sledge, respondent herein, was so appointed. Mr. Sledge, an attorney admitted to practice in the courts of this state, refused the appointment then and on two other occasions, including October 6, 1975. Finally, under threat of contempt, Mr. Sledge accepted *356 the appointment, but did nothing in connection therewith, and filed the instant litigation.
It is uncontested that respondent is a practicing attorney, regularly appears to represent defendants in the Mayor's court in Logansport, is satisfied that Archie Peterson is indigent, is aware that defendant had requested that counsel be appointed for him, was appointed by the Mayor to represent Peterson, and refused this appointment. Mr. Sledge has expressed no complaint with respect to adequate compensation for the appointment.[2] However, Mr. Sledge has made no attempt to consult with Archie Peterson or to represent him, and avers that he has no intention of complying with the appointment.[3]
La.R.S. 33:441 sets out the jurisdiction of the Mayor's court:
"Except as provided in Chapter 7 of Title 13, there shall be a mayor's court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof."
These courts remain in existence today pursuant to Article V, Section 20 of the Louisiana Constitution of 1974 which provides in pertinent part that "Mayors' courts . . . existing on the effective date of this constitution are continued, subject to change by law."[4]
Article V, Section 2 of the Louisiana Constitution of 1974, in pertinent part, guarantees that "[a] judge may issue. . . all . . . needful . . . orders . . . in aid of the jurisdiction of his court." One such order would necessarily be appointment of counsel for indigents because Article I, Section 13 of the Constitution, provides:
". . . At each stage of the proceedings, every person is entitled to assistance of counsel . . . appointed by the court if he is indigent and charged with an offense punishable by imprisonment. . . ."
There is therefore little dispute that Mayor's courts are courts which have jurisdiction to conduct trials, determine guilt, and impose sentences including fines and imprisonment for breach of municipal ordinances. Judges of such courts may therefore issue needful writs in aid of their jurisdiction, including the appointment of counsel for an indigent charged with an infraction of an ordinance if that infraction may be punished with imprisonment.
The need to have indigent defendants who are confronted with the possibility of imprisonment represented by counsel was made constitutionally imperative by the United States Supreme Court in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In that case the Supreme Court held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 407 U.S. at 37, 92 S.Ct. at 2012. Mayor McGlathery was keenly aware of this constitutional imperative because on an earlier occasion he had accepted a plea of guilty from one Leon Wilson, Jr. without having notified Wilson of his right to counsel. Wilson's conviction on the guilty plea was subsequently reversed by the district *357 court for the 11th Judicial District, Parish of DeSoto. This Court denied writs in that matter. State ex rel. Wilson v. Webb, 278 So.2d 509 (La.1973).
Mayor McGlathery's appointment of respondent Claude R. Sledge was therefore not only within his power and authority, but legally and constitutionally required, unless one or more of the arguments posed by respondent are found to have merit.
Respondent's contentions are basically the following:
Respondent's principal contention is that there was no evidence presented in the district court indicating the specific ordinance Mr. Peterson was charged under, nor what the possible penalty for the charged violation could be, if any. He points out that the ordinance was not introduced into evidence, nor was a certified copy filed of record with the Clerk of Court under the provisions of R.S. 13:3712;[5] nor may this Court take judicial cognizance of a municipal ordinance.[6] However, it was respondent Sledge who brought this action for injunctive (equitable) relief. It was his obligation, therefore, to carry the burden of proving that such relief should be granted by establishing that the Mayor of Logansport lacked authority to imprison people convicted for offenses committed against the town of Logansport. This he has not done and has not seriously contended that he could do. In light of the fact that everyone involved with this litigation knows as a matter of fact that Archie Peterson is subject to imprisonment if convicted of these offenses,[7] we must conclude that defendant Peterson has been charged with a crime punishable by imprisonment under the Logansport municipal ordinance, and is due appointed counsel under Argersinger v. Hamlin, supra. Respondent's argument lacks merit.
Secondly, respondent Sledge asserts that the resolution of the problem of appointed counsel in accordance with the Argersinger mandate is exclusively a problem for the Louisiana legislature. Independent of the presence of specific laws on the subject, we believe that courts and judges have the inherent power, as well as the constitutional authority, to issue all meanful writs in aid of the jurisdiction of their courts. La.Const. art. 5, § 2. Such power and authority is essential to the existence of courts.
Relator complains additionally that because Mayor's courts are not governed by the Code of Criminal Procedure,[8] Article 17 of the Code, which describes the inherent *358 power of courts, is therefore inapplicable. And akin to this he complains that lawyers are ill-equipped to practice in Mayors' courts because lawyers do not have available the tools, included in the Code of Criminal Procedure, with which to work. We find no merit in this contention.
The inherent power of courts, fortified in this instance by a provision of the 1974 Louisiana Constitution alluding to Mayors' courts as "courts," and for the reasons expressed hereinabove, have the inherent power of courts, irrespective of the applicability of the Code of Criminal Procedure. While a Mayors' court may not be a court of record, it is a court established by our Constitution and has, at the very least, the power of a sovereign to imprison.
Respondent's final argument is that since La.R.S. 37:212 in its definition of "practice of law" outlines the performance of certain enumerated acts "before any court of record in this state," and since Mayors' courts are not courts of record, no obligation to serve in a "court" of this type can possibly attach to the practicing of law as a profession. That statute, however, includes in its definition of "the practice of law" other matters or functions beyond simply appearing as an advocate or in a representative capacity before a court of record in this state. At any rate, R.S. 37:212 and 37:213, which make it a crime and prescribe a penalty for a non-attorney to engage in the practice of law, can hardly be authority for the proposition that qualified attorneys representing litigants in Mayors' courts, who are exposed to incarceration upon conviction, are not themselves responding to a legally and constitutionally-sanctioned directive. There is no merit in any of the contentions of respondent.
For the foregoing reasons, the judgment of the district court is reversed, the preliminary injunction heretofore issued by the trial court set aside, and the case remanded to the district court for such further proceedings consistent herewith as may be appropriate.
NOTES
[1] On April 15, 1974, the Town of Logansport enacted Ordinance No. 271 adopting the Model Municipal Criminal Code prepared through the combined efforts of the Louisiana City Attorneys Association, the Louisiana Municipal Association, and the Junior Bar Section of the Louisiana Bar Association as the Town of Logansport Criminal Code.
[2] In fact, Mr. Sledge acknowledges that the judge advised him that he would be adequately compensated for the appointment.
[3] Mr. Sledge, of course, has assumed this posture for the purpose of this litigation, but he has testified that he would represent indigents in the Mayor's court including Archie Peterson, if this Court should rule that the Mayor has the power to appoint counsel to represent indigents.
[4] At this date, the legislature has not curtailed the jurisdiction of the Mayors' court of the state.
[5] La.R.S. 13:3711 ff allows the admission into evidence of certified copies of documents of municipalities of the state. R.S. 13:3712(B) provides in pertinent part that "[a]ll courts of record in the state shall take judicial cognizance of the municipal ordinances. . . which may be enacted by governing authority of any town, city, municipality, or parish within their respective jurisdictions Whenever certified copies of such ordinances have been filed with the clerk of said court." (Emphasis provided) See Bradford v. City of Shreveport, 266 So.2d 254 (La.App.2nd Cir. 1972), writs refused 263 La. 364, 268 So.2d 256 and Moore v. Concrete Pipe Products, Inc., 263 So.2d 481 (La.App.3rd Cir. 1972).
[6] La.R.S. 15:422 lists those matters of which courts may take judicial notice; municipal ordinances are specifically excluded.
[7] In the district court evidence was taken that the defendant Peterson had been charged with disturbing the peace by appearing in an intoxicated condition, in violation of Section 65 of Ordinance No. 271 and resisting arrest, in violation of Section 70. Both of these convictions carry a possible sentence of imprisonment. Furthermore, Mayor McGlathery, the Judge of the Eleventh Judicial District, and the Justices of this Court were all involved in the case of State ex rel. Wilson v. Webb, supra, where defendant Wilson was serving a sentence imposed by the Mayor under the Logansport Criminal Code.
[8] Article 931 of the Code of Criminal Procedure states that "[e]xcept where the context clearly indicates otherwise, as used in this Code: (1) "Court' means a court with criminal jurisdiction or its judge. It does not include a mayor's court or a justice of the peace. * * *"