458 So.2d 1003 (1984)
Norris J. BROUSSARD, Plaintiff-Appellant,
v.
TOWN OF DELCAMBRE, et al., Defendants-Appellees.
No. 83-1016.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
*1004 Anthony J. Fontana, of Theall & Fontana, Abeville, for plaintiff-appellant.
Edwin S. Patout, New Iberia, David Sanders, Baton Rouge, for defendants-appellees.
Before GUIDRY, STOKER and YELVERTON, JJ.
STOKER, Judge.
Plaintiff, Norris J. Broussard, brought this suit for declaratory judgment seeking to have the mayor's court of the Town of Delcambre and LSA-R.S. 33:441.3 declared unconstitutional under the Louisiana and United States Constitutions. The trial court found both the mayor's court and the statute in question to be constitutional and rendered judgment accordingly. We affirm.
As to the validity of the mayor's court itself, plaintiff argues that it is unconstitutional simply because the mayor is untrained in the law and can not guarantee those appearing before him every right granted under the federal and state constitutions. This argument has been considered and rejected by the United States Supreme Court in North v. Russell, 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976). In North the court held that no constitutional violations occur when an accused who is subject to possible imprisonment is tried before a non-lawyer judge when a later trial de novo is available. The requirement of a trial de novo is met in Louisiana by LSA-R.S. 13:1896 which provides that an appeal to district court in criminal cases from a mayor's court is a trial de novo. For these reasons, it is clear that the mayor's court in the Town of Delcambre is clearly constitutional as established.
Under LSA-R.S. 33:441.3, the mayor of the Town of Delcambre is permitted to appoint a magistrate to sit in his stead as presiding official over the mayor's court. The statute in question provides:
"The board of aldermen of the town of Delcambre, shall upon request of the mayor, appoint an attorney who shall be designated as court magistrate and who shall serve at the pleasure of the mayor and may from time to time be designated by the mayor to serve in his stead as the presiding official over the mayor's court. *1005 Whenever the magistrate is so designated by the mayor to preside over the mayor's court, he shall exercise the powers and authority of the mayor over said court. The magistrate shall serve at a salary fixed by and to be paid by the board of aldermen."
Plaintiff argues that "... a state cannot, without violating the equal protection rights of its citizens, set up a court giving the Judge the unrestricted power to hear the cases that he in his own discretion decides to hear." Plaintiff points out that the statute in question sets up a situation in which the mayor could use his power to help a friend or hurt an enemy; however, there is no claim or any evidence that his situation has occurred. The position of the mayor in this matter is no different from that of any other judge who might choose to abuse his discretion. There has been no showing that the equal protection rights of any citizens have been violated.
Plaintiff also argues that the statute allowing the mayor to appoint a magistrate to sit in his stead violates LSA-Const. of 1974, Art. 5, Sec. 22, which provides in part:
"(A) Election. Except as otherwise provided in this Section, all judges shall be elected. Election shall be at the regular congressional election."
The remainder of Section 22 provides for the temporary appointment of judges to fill vacancies until an election can be held. Plaintiff admits that the mayor as an elected official fulfills the requirement of Section 22 but argues that the appointment of the magistrate violates the section. The mayors' courts are provided for in Art. 5, Sec. 20 of the 1974 Constitution which reads:
"Mayors' courts and justice of the peace courts existing on the effective date of this constitution are continued, subject to change by law."
In order to give effect to plaintiff's theory and argument, it would be necessary for us to extend the term "judge" as used in Section A of Article 5 of Section 22 of the Louisiana Constitution of 1974 to all officials who hear and rule in cases in courts of any nature authorized by law in this State. We think, however, that the term "court" as employed in the Constitution and laws of this State is broader than the term "judge." The Constitution itself speaks of mayors' courts and justice of the peace courts as noted above. Insofar as we can determine, the term "judge" has never been applied to mayors who function in mayors' courts or justices of the peace who function in justice of the peace courts. Although the terms "judge" and "court" are sometimes used interchangeably, it is clear that mayors and justices of the peace who hold court are, nevertheless, not judges.
It is a matter of general knowledge that certain judicial functions are performed in various judicial systems by officials referred to as commissioners, magistrates, referees, masters and so on. While distinctions among officers in the judicial system in this State may not be specifically provided for, it is our conclusion that the Louisiana Constitution requirement that "all judges be elected" was not meant to cover magistrates appointed to function in mayors' courts under such authority as LSA-R.S. 33:441.3.
For the foregoing reasons the statutory provision setting up the position of court magistrate for the Town of Delcambre is not constitutionally invalid.
The judgment of the trial court upholding the constitutionality of the mayor's court and LSA-R.S. 33:441.3 is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.