GRISBAUM, Judge.
This appeal concerns a challenge to the candidacy of Mr. Glenn Ansardi for the Office of State Representative, House District 92. From a judgment granting the defendant’s exception of no cause of action, the plaintiff, Mr. Kenneth C. Fonte, appeals. We affirm.
The sole issue presented is whether the Court Magistrate of the City of Kenner is properly considered a “judge” for the purposes of La.R.S. 42:39, making his candidacy for a nonjudicial office null and void.
FACTS
Mr. Glenn Ansardi held the appointed position of Court Magistrate for the City of Kenner. On July 23, 1986, Ansardi qualified as a candidate for the Office of State Representative, House District 92, an election for which Kenneth Fonte had also qualified. At the time he qualified, Ansar-di was on leave of absence from his position of court magistrate. On August 1, 1986, Fonte filed a “Petition to Object to Candidacy” in the district court on the basis of La.R.S. 42:39, naming Ansardi and Mr. Sam Altobello, Registrar of Voters for the Parish of Jefferson, as defendants. On August 5, 1986, the trial court maintained Ansardi’s exception of no cause of action.
ANALYSIS
Louisiana Revised Statute 42:39 states:
A. After July 31, 1968, no person serving in or elected or appointed to the office of judge of any court, justices of the peace excepted, shall be eligible to hold or become a candidate for any national, state or local elective office of any kind whatsoever, including any national, state or local office in any political party organization, other than a candidate for the office of judge for the same or any other court.
B. The provisions of Subsection (A) of this section shall not be construed as prohibiting any person from resigning from his office as judge of any court for the purpose of becoming a candidate for nomination or election to any national, state or local elective office for which he is qualified and eligible; provided, however, that the resignation of any such person shall be and is made not less than twenty-four hours prior to the date on which he qualifies as a candidate for nomination or election to the office to which he seeks nomination or election.
C.If any judge elected or appointed, justice of the peace excepted, qualifies for any other elective position, other than those allowed by the provisions of this section, without complying with the provisions of Subsection (B) set forth above, his qualification as a candidate for the other office shall ipso facto be null and void.
Initially, we note La. Const, of 1974, art. V, § 22 clearly requires that “all judges shall be elected,” except as otherwise provided in that particular section. Only sections involving vacancies or newly created judgeships are then exempted from the requirement of election. Notwithstanding the provisions of § 20, which merely continue those mayors’ courts and justice of the peace courts existing at the end of 1974, art. V delineates jurisdictional limits, provides for term lengths and election qualifications, and authorizes a retirement system for judges. Constitutionally, the judiciary article governs matters involving both “judges” and “courts” but by no means treats them as one and the same. We agree with our brothers in the Third Circuit who have recently engaged in interpreting the constitutional semantics involved in § 20:
In order to give effect to plaintiff’s theory and argument, it would be necessary for us to extend the term “judge” as used in Section A of Article 5 of Section 22 of the Louisiana Constitution of 1974 to all officials who hear and rule in cases in courts of any nature authorized by law in this State. We think, however, that the term “court” as employed in the Constitution and laws of this State is broader than the term *247 “judge.” The Constitution itself speaks of mayors’ courts and justice of the peace courts as noted above. Insofar as we can determine, the term “judge” has never been applied to mayors who function in mayors’ courts or justices of the peace who function in justice of the peace courts. Although the terms “judge” and “court” are sometimes used interchangably, it is clear that mayors and justices of the peace who hold court are, nevertheless, not judges.
Broussard v. Town of Delcambre, 458 So.2d 1003, 1005 (La.App. 3d Cir.1984).
In stark contrast to the “judges” and “courts” defined by the Constitution, La. R.S. 33:441 and 33:441.1 authorize mayors’ courts with jurisdiction over all violations of municipal ordinances. Therein, the May- or of the City of Kenner is empowered to “try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof.” The mayor is also empowered, but not required, to request the appointment by the board of aldermen of
an attorney who shall be designated as court magistrate and who shall serve at the pleasure of the mayor and may from time to time be designated by the mayor to serve in his stead as the presiding official over the mayor’s court. Whenever the magistrate is so designated by the mayor to preside over the mayor’s court, he shall exercise the powers and authority of the mayor over said court.
The legislature, presented with the opportunity to use the term “judge” or “judicial” in describing this position, avoided doing so, choosing, instead, “presiding official over the mayor’s court.” Black’s Law Dictionary defines “magistrate” as
a person clothed with power as a public civil officer, or a public civil officer invested with executive or judicial power.... Minor officials or officers with limited judicial authority; e.g. justices of the peace, judges of police courts, may- or’s courts, or magistrate’s courts. In a general sense, a “magistrate” is a public officer, possessing such power, legislative, executive, or judicial, as government appointing him may ordain, although in a narrow sense he is regarded as an inferior judicial officer_ (Emphasis added)
Similar to our legislature, Black’s has not seen fit to hold the words “magistrate” and “judge” to be synonymous. We further note that a “magistrate” may possess legislative and executive powers and may not necessarily have judicial powers. Because this magistrate serves “at the pleasure of the mayor,” “in his stead as the presiding official,” and “exercise[s] the powers and authority of the mayor over said court,” we find the court magistrate to be an extension of the mayor.
We are ever cognizant of the sovereign powers inherent in the mayor’s court as a tribunal. See Sledge v. McGlathery, 324 So.2d 354 (La.1976). However, we see the legislature has provided for a trial de novo in the district court when an appeal involving imprisonment or forfeiture of rights or property is taken from a mayor’s court. La.R.S. 13:1896(A). The requirement of this de novo determination of disputed findings has been held to preserve the fundamental responsibility of the judge to make the final determination. See Bordelon v. La. Dept. of Corrections, 398 So.2d 1103 (La.1981).
Finally, an examination of the policy considerations behind the enactment of La.R.S. 42:39 further supports its nonapplicability to the instant case. In Morial v. Judiciary Committee of the State of Louisiana, 565 F.2d 295 (5th Cir.1977), the United States Fifth Circuit found the state’s interest in enacting the “Resign-to-Run Rule” as follows:
First, the state wishes to prevent abuse of the judicial office by a judge-candidate during the course of the campaign. The state also wishes to prevent abuse of the judicial office by judges who have lost their electoral bids and returned to the bench. Finally, Louisiana asserts an interest in eliminating even the appearance of impropriety by judges both during and after the campaign.
*248 Morial v. Judiciary Committee, supra at 302. In this case, it is undisputed that the candidate is not exercising his magisterial powers during the campaign. As to the concern over a losing candidate’s return to the bench, we agree with the trial court that a court magistrate could simply be reappointed post-election to such position if forced to resign before running. Absent in this case is the necessity of a losing candidate to again face the responsive electorate in order to regain his or her judgeship. Additionally, there is no appearance of impropriety in running for office when the court magistrate is already instructed to “serve at the pleasure of the mayor....” Accordingly, none of the policies sought to be achieved by the statute in question would be served by applying it to the Court Magistrate for the City of Kenner.
Therefore, we find the statutory requirement that judges resign before running for a nonjudicial office was not meant to cover magistrates appointed to function in mayors’ courts under La.R.S. 33:441.1.
For the reasons assigned, the judgment of the trial court maintaining the defendant’s exception of no cause of action is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.