Dear Mr. Wimberley:
This office is in receipt of your Attorney General's opinion request of January 28, 2005, as legal counsel on behalf of the Mayor of the Town of Church Point, Louisiana, wherein you asked the following questions:
 (1) Under the Lawrason Act, who has the authority to allow prisoners detained by a mayor's court to be released from jail on bond?
 (2) If a mayor's court ordered that a prisoner be held without bond until the next court date, would a police officer have any authority to release the prisoner on bond pursuant to the prisoner's posting bond for the amount shown in a regular bond schedule without that police officer first obtaining the mayor's consent?
La. Const. Art. 5, Section 20 (1974) recognizes the continued existence of mayors' courts as well as justice of the peace courts "existing on the effective date of this constitution are continued, subject to change by law." See also Sledge v.McGlathery, 324 So. 2d 354 (La. 1975) and State v. Foy,401 So. 2d 948 (La. 1981), both decisions recognizing that a mayor's court are courts with jurisdiction to conduct trials, determine guilt, and impose fines and/or imprisonment for the breach of municipal ordinances. See also Attorney General Opinion No. 00-197 (June 13, 2000) (also recognizing this limited legal authority of a mayor's court.)
Furthermore, La.C.Cr.P. art. 931 (4) defines the term "magistrate" as including "a mayor of a mayor's court." However, you should also note that La.C.Cr.P. art. 931 (1) defines the term "court" as a court with criminal jurisdiction or its judge, but expressly excludes from that definition a mayor's court, which is a tribunal of very limited criminal jurisdiction. Hence, the elected mayor of a municipality has legal authority to preside over a mayor's court; however, the mayor's court is a tribunal with very limited jurisdiction.
You should note that in prior Attorney General opinions, it was held that a mayor's court has concurrent, not exclusive, jurisdiction over violations of municipal ordinances with a district court. See Attorney General Opinion No. 81-1339 (January 15, 1982). Furthermore, the elected chief of police of a municipality subject to the Lawrason Act *Page 2 
has discretion whether charges should be referred to a district court or a mayor's court. See Attorney General Opinion No. 81-1312 (January 15, 1982).
This office is of the opinion that the answer to your first question is found by reading La. C.Cr.P. art. 333 (3), a statute which provides a mayor's court with authority to fix bail "in criminal cases within their trial jurisdiction" in conjunction with the statute that further defines the powers, duties and responsibilities of a mayor presiding over a mayor's court, La. R.S. 33:441 A.(1). That latter statute provides respectively, in pertinent part:
 A.(1) . . . [T]here shall be a mayor's court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof . . .
(Emphasis added.)
Furthermore, La. R.S. 33:441 C.(1) provides "[t]he mayor shall have the power of a committing magistrate." See also La.C.Cr.P. art. 26 wherein a magistrate has authority to fix and order peace bonds. La. R.S. 33:441 C.(2) further provides "[t]he presiding officer of a mayor's court shall be entitled to judicial immunity for his official acts as presiding officer in the same capacity as a judge in this state." See also Attorney General Opinion No. 80-894 (September 19, 1980) (also recognizing, in part, that the presiding magistrate of a mayor's court has authority to set bond on all charges brought by the city marshal for a violation of the city ordinances), Attorney General Opinion No. 00-157 (May 16, 2000) (recognizing that a mayor presides over the mayor's court with jurisdiction over violations of city ordinances) and Attorney General Opinion No. 78-1584 (January 23, 1979) (recognizing a mayor's court power to set bail as a committing magistrate in a Lawrason Act municipality.)
La. R.S. 33:404 A.(1), (2) and (9) further address the powers, duties and responsibilities of the mayor, and provides, respectively, in pertinent part:
 A.(1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police. . . .
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
(Emphasis added.) *Page 3 
Using this direct statutory language, this office is of the opinion that the mayor, or his designated magistrate as chosen through the proper statutory provisions outlined in La. 33:441
(B) wherein an attorney may be appointed to preside over the mayor's court, seems to have the sole authority to allow prisoners to bond out of jail once they have been detained for an alleged violation of a city ordinance within the trial jurisdiction of a mayor's court. Additionally, there is no contrary jurisprudence or other authority.
Your second question as to whether any police officer has the authority to release a prisoner on bond without the presiding court's consent appears to be answered by La. R.S. 33:423 A., which provides in pertinent part:
 The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws . . .
(Emphasis added.)
Under this statutory language, a chief of police or any police officer seems to only have the authority provided to them under the Lawrason Act, to enforce the law, which, in the opinion of this office, would include following the presiding court's order denying bond to prisoners detained through a mayor's court. To find otherwise, in the opinion of this office, would allow a police chief or any police officer to usurp the authority vested solely with a mayor's court. Moreover, a police chief or police officer is required by his or her oath of office to uphold the law, including all binding court's orders. Therefore, the answer to your second question is flatly no.
You should also note that a person detained by a mayor's court without bond may find some relief through privately retained counsel under La. R.S. 15:81 A., which provides, in pertinent part:
 At the earliest practicable time after arrest of a person imprisoned or detained for violation of any ordinance of any village, town, city, or municipality, an order admitting to bail shall be made. Upon execution of the bond in due form and with proper surety, the arrested person shall be released pending trial.
(Emphasis added).
Under this statute, it is clear that a mayor's court shall always provide an order admitting bail and the arrested person shall be released pending trial. Furthermore, La. Const. art. 1, Section 18, provides all Louisiana citizens with a right to bail on any criminal offense unless it is a "capital offense and the proof is evident and the presumption of guilty is great." Therefore, should a person being unreasonably detained without bond, that person appears to have a legal remedy by which he or she may independently seek relief in the court system. Furthermore, La. R.S. 13:1896 provides, in pertinent part, *Page 4 
that district courts have appellate jurisdiction with de novo review "over all appeals from a mayor's court where a person has been subjected to imprisonment or a forfeiture of rights or property."
I hope the foregoing Opinion has adequately addressed your questions.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL
 By: _______________________ KATHLEEN E. PETERSEN Assistant Attorney General